

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1616-12

**PAUL PAWLAK, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE THIRTEENTH COURT OF APPEALS
## NUECES COUNTY

**HERVEY, J., delivered the opinion of the unanimous Court.**

## O P I N I O N

Appellant, Paul Pawlak, was charged with, and convicted of, various counts of prohibited sexual activities including sexual assault, sexual assault of a child, and attempted sexual assault. He asks this Court to reverse the judgment of the court of appeals, which held that the trial court properly admitted thousands of digital pornographic images at Appellant's trial, including images of child and homosexual

pornography. *Pawlak v. State*, No. 13-10-00535-CR, 2012 WL 3612493, at *1 (Tex.

App.—Corpus Christi Aug. 23, 2012) (mem. op.) (not designated for publication). We

hold that the trial court abused its discretion when it improperly admitted thousands of

extraneous-offense pornographic images over Appellant's objection under Rule 403 of

the Texas Rules of Evidence. We reverse the judgment of the court of appeals and remand

this cause for a harm analysis in the first instance. *See Fuller v. State*, 363 S.W.3d 583,

589 (Tex. Crim. App. 2012).

## PROCEDURAL HISTORY

Appellant was charged with five counts of sexual assault of a child, one count of

sexual assault,[1] and two counts of attempted sexual assault. He was convicted by a jury of

three counts of sexual assault of a child, one count of sexual assault, and one count of

attempted sexual assault. TEX. PENAL CODE §§ 15.01 (attempted sexual assault),

22.011(a)(1) (sexual assault), (a)(2) (sexual assault of a child). He was sentenced to 55

years' imprisonment.

Appellant appealed his convictions to the Corpus Christi Court of Appeals, and the

court affirmed the judgment of the trial court in an unpublished opinion. *Pawlak*, 2012

WL 3612493, at *1. We granted Appellant's petition for discretionary review to

---

[1]The indictment styled this count as sexual assault of a child and cited the sexual-assault-of-a-child punishment range; however, the language of Count 5 does not allege that the victim was a child. Despite that, the State treated the victim from Count 5 as if he were a child for purposes of its theory of the crime, and the child testified that he was 15 years old at the time.

determine whether (1) the court of appeals erred when it held that Appellant opened the door to the admission of extrinsic evidence of an extraneous offense, and (2) whether the court of appeals erred when it held that the trial court did not abuse its discretion in admitting thousands of extraneous pornographic images over Appellant's objection under Rule 403 of the Texas Rules of Evidence.[2]

### COURT OF APPEALS

On appeal, Appellant argued that the trial court erred by admitting extrinsic evidence of extraneous-offense evidence (i.e., voluminous pornographic images) at the guilt stage of his trial, and that, notwithstanding the images' admissibility as extraneous-offense evidence, the images should have been excluded under Rule 403 of the Texas Rules of Evidence. *Pawlak*, 2012 WL 3612493, at *1, *5. The court held that the trial court did not abuse its discretion when it ruled that the "door had been opened" to the admission of the pornographic images under Rule 404(b) of the Texas Rules of Evidence. The court of appeals also held that the images were properly admitted under Rule 403 of the Texas Rules of Evidence based on our opinion in *Davis v. State*, 313 S.W.3d 317, 331 (Tex. Crim. App. 2010), in which we delineated factors used to weigh whether autopsy photographs in a capital-murder case should be admitted to prove that the defendant

---

[2]The exact grounds granted for review in this case are: "(1) The Court of Appeals erred when it held Petitioner opened the door to extrinsic evidence of an extraneous offense[,]" and "(2) The Court of Appeals erred when it held the trial court did not abuse its discretion in admitting thousands of extraneous photographic images over Petitioner's 403 objection."

committed capital murder. The court of appeals here reasoned that, even though the images were graphic, the State did not spend an excessive amount of time discussing them, and the pictures were no more harmful to Appellant than the testimony elicited from the victims. *Pawlak*, 2012 WL 3612493, at *5.

## DISCUSSION

After reviewing Appellant's grounds for discretionary review, we sustain Appellant's second ground. Because we grant Appellant relief on his second ground for review, we do not reach the first question we granted for review.

Generally all relevant evidence is admissible under the Texas Rules of Evidence. *See* TEX. R. EVID. 402. However, there are exceptions to the general rule, including when a trial judge excludes otherwise relevant evidence on one of the grounds stated in Rule 403. *See id.* at 403. Rule 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." *Id.* Evidence is unfairly prejudicial when it has "an undue tendency to suggest that a decision be made on an improper basis." *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1990) (op. on reh'g). We have held that sexually related bad acts and misconduct involving children are inherently inflammatory. *Id.* at 397. We have also held that it is possible for the admission of character evidence,

though not necessarily cumulative, to cross the line from prejudicial to unfairly prejudicial based on the sheer volume of character evidence admitted. *See Mosley v. State*, 983 S.W.2d 249, 263 (Tex. Crim. App. 1998); *see also Salazar v. State*, 90 S.W.3d 330, 336 (Tex. Crim. App. 2002).

We review a trial court's ruling under Rule 403 of the Texas Rules of Evidence for an abuse of discretion. *See Montgomery*, 810 S.W.2d at 391. That is, the ruling of the trial court must be upheld if it is within the zone of reasonable disagreement. *Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002).

The extraneous-offense evidence in this case consisted of two disks (admitted as State's exhibits 19 and 20) taken from Appellant's home, which were given to Kenneth Patterson, a computer-forensics expert with the Corpus Christi Police Department, as part of his separate investigation. He testified that "one CD contained approximately 900 images, and the [other disc] had [a] little over 9,000 images on it."[3] Patterson classified

---

[3]During Patterson's direct examination, the following exchange took place:

Q. And approximately how many images were recovered from this defendant's home?

A. There were -- total images on all systems there were probably 700,000 total images. The images can be part of system images, part of work images, pornographic images, all grouped into there. So I had to go through roughly 700,000 images total to look at all this.
    The one CD contained approximately 900 images, and the gold Tiva has little over 9,000 images on it.

\* \* \*

the majority of the images as "gay porn," but he also acknowledged on cross-examination that many of the images were "child porn images floating around the Internet . . . ." At least two images were published to the jury, but all of the images were admitted into evidence. The record shows that the jury sent out six notes while it deliberated, and the second note requested "all of the evidence in the case." In response, the judge stated, "So -- we will send in the evidence then." TEX. CODE CRIM. PROC. art. 36.25 (stating that "[t]here shall be furnished to the jury upon its request any exhibits admitted as evidence in the case").

Here, the State needed to show that Appellant sexually assaulted, or attempted to sexually assault, five complainants. The admitted digital images referred to a crime for which Appellant was not on trial—possession of child pornography. However, notwithstanding the differences between assault and possession, the State argued that the digital images were probative to rebut allegations by Appellant that he was not sexually interested in men or boys. We agree that Appellant's possession of male pornographic

---

Q. Thank you very much, sir. And you say there was a total of 9,000 pornographic images on this particular disk?

A. That is correct.

Q. And on the other disk that has been tendered and exhibited -- portions of it exhibited for the jury, approximately how many?

A. 900 and a few change.

pictures, including male child pornography, might rebut Appellant's claims that he was not interested in men. We note, however, that there was no allegation that Appellant took the pictures or that he in any way participated in coercing children to be involved in producing child pornography, much less that he assaulted them. Thus, while the extraneous-offense evidence may have been permissible rebuttal evidence, it did not show that an assault or attempted assault was more likely to have occurred. *See Wheeler*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002); *Montgomery*, 810 S.W.2d at 390.

With respect to the State's need for the extraneous-offense evidence, the State had five complainants who all testified that Appellant had sexually assaulted them. Unlike in *Wheeler*, in which one little girl was "pitted against six defense witnesses whose testimony asserted or implied the events did not occur[,]" here the State had multiple victims testifying about specific incidents of inappropriate sexual behavior, and the similarities in their stories were striking. *See Wheeler*, 67 S.W.3d at 889. It is the corroboration of key aspects of the State's theory of the crime by multiple complainants that factually distinguishes this case from *Wheeler*. Here, the State's need for the extraneous-offense evidence in this case was not as great as in a "he-said she-said" case with a single victim. *See id.* Moreover, the testimony of the complainants was much more probative of the charged offenses than the extraneous-offense evidence because the testimony of the five complainants all alleged that Appellant sexually assaulted them,

which was the ultimate issue the State had to prove at Appellant's trial. In contrast, possession of pornography was not an issue at trial, and as was previously discussed, the extraneous-offense evidence was only marginally probative as a possible rebuttal of Appellant's theory that he was not sexually interested in young men.

When we examine the potential to impress the jury in some irrational but unforgettable way, we cannot ignore our statements that sexually related bad acts and misconduct involving children are inherently inflammatory. *See Wheeler*, 67 S.W.3d at 889; *Montgomery*, 810 S.W.2d at 397. However, the plain language of Rule 403 does not allow a trial court to exclude otherwise relevant evidence when that evidence is merely prejudicial. *See* TEX. R. EVID. 403. Indeed, all evidence against a defendant is, by its very nature, designed to be prejudicial. *See Wheeler*, 67 S.W.3d at 889 (Keller, P.J., concurring) (explaining that the fact that proffered evidence is prejudicial is insufficient to exclude it under Rule 403 of the Texas Rules of Evidence because only unfair prejudice is addressed by Rule 403). Nevertheless, as we stated in *Mosley*, admissible prejudicial evidence can become *unfairly* prejudicial by its sheer volume. *See Mosley*, 983 S.W.2d at 263; *Salazar*, 90 S.W.3d at 336.

Under these facts, the sheer volume of extraneous-offense evidence was unfairly prejudicial and invited the jury to convict Appellant of sexually assaulting or attempting to sexually assault the victims because Appellant possessed 9,900 images that included

homosexual child pornography. The facts of this case do not require us to determine the exact point at which the admission of voluminous amounts of extraneous-offense character evidence crosses the threshold to unfairly prejudicial. Even if we were to decide that at least some of the extraneous-offense digital images of pornography were admissible, the trial court abused its discretion when it admitted all 9,900 images of pornography without regard to the amount of evidence, kind of evidence, or its source, and over Appellant's Rule 403 objection. *Mosley*, 983 S.W.3d at 263.

## CONCLUSION

The trial judge abused his discretion when he admitted all 9,900 images of pornography in the form of extraneous-offense evidence, including homosexual child pornography. The judgment of the court of appeals is vacated, and this cause is remanded to the court of appeals for a harm analysis.

Hervey, J.

Delivered: September 18, 2013

Publish