

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00089-CR
No. 07-14-00090-CR

ADAM LEWIS TRINIDAD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 11,317, Honorable Dan Mike Bird, Presiding

December 4, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPELL and PIRTLE, JJ.

Appellant Adam Lewis Trinidad appeals from his two convictions for the offenses of sexual assault of a child[1] and the resulting consecutive sentences of ten years for each offense. Through one issue, appellant challenges the trial court's exclusion of redacted portions of a written statement he gave police. We will affirm.

---

[1] TEX. PENAL CODE ANN. § 22.011(a)(2) (West 2012). The offenses occurred in 2008, and appellant was convicted in 2010. He later was granted an out-of-time appeal by order of the Texas Court of Criminal Appeals. *Ex parte Trinidad,* Nos. WR-80,396-01, WR-80,396-02, 2014 Tex. Crim. App. Unpub. LEXIS 128 (Tex. Crim. App. Feb. 12, 2014).

Background

Because appellant does not challenge the sufficiency of the evidence to support his convictions we will relate only those facts necessary to an understanding of his appellate issue.  Appellant, twenty-one at the time of his arrest, and J.G., then fourteen years old, had a sexual relationship.  J.G. testified she and appellant "loved" each other and that they had sexual intercourse "seven or eight times" during November and early December 2008.  Appellant gave a written statement to police in which he admitted to sexual intercourse with J.G., but said J.G. told him she was seventeen years old and to him she appeared to be that age.

Appellant's written statement also contained information about three events involving J.G.'s prior sexual history. Specifically, he stated J.G. had told him and others that her step-father was touching her in her "private places," but that her mother instructed J.G. "to say it was not true" and J.G. complied.  Second, in his statement appellant said he had been accused of "having sex" with J.G. when she was age seven, that her mother told appellant's older brother of the accusation, that his brother said the mother should take J.G. to a doctor and he would pay the bill, but that his brother "never heard from" the mother again.  Third, appellant stated J.G. had told him she "had been raped at a party" when she "got drunk and passed out."  The jury was given a redacted form of appellant's statement that did not include these events.  Appellant objected, arguing his statement in its redacted form was "incomplete."

At a hearing outside the presence of the jury, appellant again objected to the admission of the redacted statement, arguing the entire statement should be admitted.

The State's objection to admission of the redacted portion focused primarily on rule of evidence 412.[2] The court reiterated its determination that the redacted portion of the statement was not admissible. Appellant stated, "we would object to the Court's ruling for those reasons we've stated earlier and also that the effect of the ruling is to prohibit the Defendant from adequately confronting the witnesses and presenting testimony that would be evidence of the veracity of the victim witness, and thus, prohibits the Defendant from having the effective assistance of counsel." The redacted statement was admitted and read to the jury.

Appellant was found guilty of each offense as charged in the indictments and sentence was imposed in each as noted. These appeals followed.

Analysis

By his appellate issue, appellant argues the trial court should have admitted his statement in its entirety, without redaction. We will overrule the issue.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Billodeau v. State,* 277 S.W.3d 34, 39 (Tex. Crim. App. 2009); *Hailey v. State,* 413 S.W.3d 457, 468 (Tex. App.—Fort Worth 2012, pet. ref'd). We must uphold the trial court's ruling if it "was correct on any theory of law applicable to the case, in light of what was before the trial court at the time the ruling was made." *Page v. State,* 213 S.W.3d 332, 337 (Tex. Crim. App. 2006) (*quoting Sauceda v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004)).

---

[2] TEX. R. EVID. 412.

The two indictments charged appellant intentionally or knowingly caused the penetration of the sexual organ of J.G., a child younger than 17, by appellant's sexual organ. One offense was alleged to have occurred on or about November 21, 2008, the second on or about December 5, 2008. TEX. PENAL CODE ANN. § 22.011(a)(2)(A), (c)(1) (West 2014).

We first note that, both at trial and on appeal, appellant has treated the redacted part of his statement as a single proffer of evidence. Although some statements in his appellate brief focus on one or another of the events described in the redacted part, appellant generally draws no distinction among the events in his argument for their admissibility. Appellant's objections to the redaction and the court's rulings at trial were to the redacted part as a whole.

From our review of the record, we think that only the second of the three statements redacted from the written statement might have been admissible. That statement concerned the accusation made against appellant when J.G. was age seven. During J.G.'s trial testimony, the State invoked Code of Criminal Procedure article 38.37[3] and elicited testimony from her that, when she was "around five," she and appellant were in a camper at his parents' house. She testified appellant on that occasion "asked me to pull my pants down and I did and he stuck his penis in me." She then testified to another occasion on which appellant "stuck his penis in me" when she was "about five or six." Given the similarity between these extraneous acts J.G. described in her testimony and the accusation appellant described in his written statement, the trial court might have permitted the jury to hear appellant's version of the

---

[3] TEX. CODE CRIM. PROC. ANN. art. 38.37 (West 2014).

events, through his written statement, had his version of that event been proffered alone. For reasons we will later discuss, we find the trial court acted well within its discretion to exclude the first and third statements, dealing with J.G.'s asserted accusation against her stepfather and her "rape" at a party when intoxicated.

As the Court of Criminal Appeals has noted, a trial court "need never sort through challenged evidence in order to segregate the admissible from the excludable, nor is the trial court required to admit only the former part or exclude only the latter part. If evidence is offered and challenged which contains some of each, the trial court may safely admit it all or exclude it all, and the losing party, no matter who he is, will be made to suffer on appeal the consequences of his insufficiently specific offer or objection. . . . When evidence which is partially admissible and partially inadmissible is excluded, a party may not complain upon appeal unless the admissible evidence was specifically offered." *Reyna v. State*, 168 S.W.3d 173, 178-79 (Tex. Crim. App. 2005) (citation omitted).

Even were we to conclude that the trial court erred by requiring redaction of appellant's statement to police regarding the accusation he sexually assaulted J.G. earlier in her childhood, we could not sustain appellant's complaint on appeal because that statement was not specifically offered. The trial court was not required to sort through the redacted statements to segregate the potentially admissible from the clearly inadmissible. *Id.* For that reason alone, appellant's issue must be overruled.

The trial court stated several grounds for denying appellant's proffer of the redacted part of the written statement. Among them was the court's conclusion its

5

probative value was "far outweighed by the danger of unfair prejudice." *See* TEX. R. EVID. 403; *Pawlak v. State,* 420 S.W.3d 807, 809 (Tex. Crim. App. 2013) (unfair prejudice occurs when evidence has undue tendency to suggest a decision be made on an improper basis). In that regard, the trial court noted that consent was not an issue in the case. For that reason and others we need not discuss, we see no abuse of discretion in the court's exclusion of the first and third of the redacted events.

Appellant's issue is overruled, and the judgment is affirmed.


James T. Campbell
Justice


Do not publish.