**Opinion issued August 11, 2016**



**In The**

## Court of Appeals

**For The**

## First District of Texas

_____

**NO. 01-15-00220-CR**

**NO. 01-15-00221-CR**

**NO. 01-15-00222-CR**

_____

**GARY JAMES COX, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Case Nos. 13-CR-0183, 13-CR-0184 & 14-CR-3651**

---

**CONCURRING OPINION**

I respectfully concur in the judgment only. Appellant Gary James Cox was

charged with aggravated sexual assault of a child under six years of age and with

attempted solicitation of a sexual performance from another child by requesting that

she send him a pornographic image of herself. He complains that the admission of over 2,000 child pornography images in his possession as extraneous offense evidence was "unfairly prejudicial" because of its "sheer volume"—even though only some of the images were shown to the jury in a series of thumbnail sketches. The majority, relying heavily on an extended analysis of the Court of Criminal Appeals' opinion in *Pawlak v. State*, 420 S.W.3d 807 (Tex. Crim. App. 2013) (called by the majority *Pawlak II*)—a case decided on materially different facts in every relevant regard—finds this to be a close case.

In my view, this is not a close case. The majority opinion is incorrect and misleading in suggesting that the more child pornography a defendant charged with sex crimes against minors has in his possession, the more "irrational" and "unfairly prejudicial" the effect of this evidence is to show his intent to engage in sexual activity with children and to solicit pornographic images from children—no matter what the crime with which he is charged, the facts of the case, the age of the victim, or the defenses offered by the defendant. I find nothing irrational or unfairly prejudicial about the introduction of 2,000 images of child pornography—only some of which were shown to the jury in a series of HTML pages of thumbnail images— in this case of aggravated sexual assault of a three-year-old child, which appellant denied, and attempted solicitation of sexual performance from a thirteen-year-old, which appellant claimed was just "a joke."

2

Accordingly, I write separately to bring attention to the danger of future courts' reliance on the majority's overbroad construction of *Pawlak* and its misapplication of the burden of proof of admissibility of extraneous evidence of the possession of child pornography. I would hold that, under the correct application of the standard of proof, the evidence of appellant's possession of child pornography was clearly admissible in this case.

**Admissibility of Evidence of Child Pornography**

The majority correctly sets out the standard of review for the admissibility of extraneous offense evidence in a child sexual assault case. However, its heavy reliance on *Pawlak* leads it to elevate the standard of review of admissibility of extraneous evidence of Cox's other sex crimes far beyond that contemplated by Texas law.

Generally, all relevant evidence is admissible under the Texas Rules of Evidence. TEX. R. EVID. 402; *Pawlak*, 420 S.W.3d at 809. However, relevant evidence may be excluded under certain circumstances, such as that provided in Rule of Evidence 403, governing the admissibility of evidence challenged as impermissibly prejudicial. Rule 403 provides, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403.

"Evidence is unfairly prejudicial when it has an undue tendency to suggest that a decision be made on an improper basis." *Pawlak*, 420 S.W.3d at 809 (citing *Montgomery v. State*, 810 S.W.2d 372, 389 (Tex. Crim. App. 1990) (internal citations omitted)).

"Rule 403 favors admissibility of relevant evidence," however, "and the presumption is that relevant evidence will be more probative than prejudicial." *Montgomery*, 810 S.W.2d at 389. In determining whether evidence is admissible under Rule 403, we consider, among other things, "(1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence." *Hernandez v. State*, 390 S.W.3d 310, 324 (Tex. Crim. App. 2012); *Montgomery*, 810 S.W.2d at 389–90). "We review a trial court's ruling under Rule 403 of the Texas Rules of Evidence for an abuse of discretion." *Pawlak*, 420 S.W.3d at 810. While evidence of an extraneous sexual offense will always carry emotional weight and the danger of impressing the jury in an irrational and indelible way, our rules of evidence require the exclusion of relevant evidence only if the danger of unfair prejudice substantially outweighs the probative value. *Wheeler v. State*, 67 S.W.3d 879, 888–89 (Tex. Crim. App. 2002) (holding extraneous evidence of offense of touching of nine-year-old girl was relevant and probative to rebut defendant's denial of crime where successful prosecution turned on credibility of

4

complainant in swearing match between complainant and defendant). The trial court's ruling must be upheld as long as it is within the zone of reasonable disagreement. *Id.* at 888.

In addition, Rule of Evidence 404 provides, "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but such "evidence may be admissible for another purpose, such as proving *motive . . . [or] intent*." TEX. R. EVID. 404(b) (emphasis added).

One of the essential elements of each of the crimes with which Cox was charged is criminal intent. *See* TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2015) (criminal intent in aggravated sexual assault); *id.* § 43.25 (criminal intent in sexual performance by child); *Alexander v. State*, 906 S.W.2d 107, 110 (Tex. App.—Dallas 1995, no pet.) (intent is element of attempted sexual performance of a child). Intent to commit a crime must be proven beyond a reasonable doubt. *See Alexander*, 906 S.W.2d at 109. "Intent is most often proven through the circumstantial evidence surrounding the crime, rather than through direct evidence." *Christensen v. State*, 240 S.W.3d 25, 32 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *see Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002) ("Direct evidence of the requisite intent is not required. . . .").

The majority concludes that, at least with respect to Cox's solicitation of the thirteen-year-old to send him a nude photograph of herself, "the strongest evidence of intent was [Cox's] possession of child pornography." Slip Op. at 20. Nevertheless, after a long digression into *Pawlak*, it determines that, "[b]ased on *Pawlak II*, we must conclude that the exhibit of 2,000 pornographic images and videos had a significant potential to *irrationally* impress the jury," regardless of the relevance of this evidence to the crimes to be proved or to the form in which the evidence were presented to the jury—namely as thumbnail-sized images of some of the evidence that were not taken into the jury room. Slip Op. at 17 (emphasis added). Thus, the majority weakly concludes that Cox's "possession of child pornography constitutes *some* proof that [he] intended to solicit more child pornography." Slip Op. at 12.

I believe, by contrast to the majority, that this evidence was *highly probative* of an essential element of *both* Cox's intent to solicit the sexual performance of the thirteen-year-old and his intent to induce the sexual conduct of the three-year-old, in that appellant denied the assault of the three-year-old complainant and called the attempted solicitation of a sexual performance from the thirteen-year-old a joke. Thus, by finding that appellant's possession of child pornography as presented to the jury "had a significant potential to *irrationally* impress the jury," the majority greatly

6

overstates the weight of this evidence vis a vis the other elements in the proof of his claim.

I agree with the majority that the other two factors generally considered in determining the admissibility of evidence challenged as more prejudicial than probative under Rule 403 of the Texas Rules of Evidence—the time needed to develop the evidence, and the proponent's need for the evidence—both support the admissibility of the evidence of Cox's possession of child pornography. *See Hernandez v. State*, 390 S.W.3d at 324; Slip Op. at 17–18. I could not say that the evidence of Cox's possession of a large amount of child pornography as introduced in this case was irrationally prejudicial. *See Wheeler*, 67 S.W.3d at 889 (holding that exclusion of relevant evidence of extraneous sexual offense is require only if danger of unfair prejudice *substantially outweighs* probative evidence) (emphasis added).

Here, the evidence that Cox possessed large quantities of child pornography was *highly probative* of the essential element of intent in Cox's crimes against both children; only *some* of the images were displayed to the jury; *none* of the images were displayed in their full size; *none* of the videos were played; and the exhibit was *not* provided to the jury during its deliberations. Rather, Cox was charged with aggravated sexual assault of a three-year-old child, and his possession of pornography was relevant to rebut multiple defensive theories, including the theory that the alleged assault simply did not occur, the theory that the three-year-old child's

7

outcry was delayed because it was a result of the investigation into lewd texts Cox sent to her thirteen-year-old sister, and the theory that Cox had a healthy relationship with both of the victims. Cox's possession of child pornography was also probative of his alleged attempted solicitation of a sexual performance of the thirteen-year-old complainant—specifically regarding his solicitation of her to send him sexually explicit photographs of herself to "make it fair," since he had sent nude photographs of himself to her, and his characterization of this solicitation as "a joke."

*Pawlak*, on which the majority relies as controlling authority, instead of *Wheeler*, was wholly unlike this case. In *Pawlak*, the defendant was tried on five counts of sexual assault against five different teenaged boys under completely different facts from those of this case. Pawlak challenged the admission of 9,900 "barely relevant" pornographic images of homosexual behavior, including child pornography, that were admitted into evidence and were taken into the jury room. 420 S.W.3d at 808–10. The State argued that the inflammatory images were probative to rebut Pawlak's allegations that he was not sexually interested in men or boys. *Id.* at 810. The Court of Criminal Appeals held that while the extraneous offense child pornography evidence "may have been permissible rebuttal evidence, it did not show that an assault or attempted assault was more likely to have occurred" between Pawlak and his teenaged victims. *Id.* Thus, it was irrelevant to proof of the offense with which the defendant was charged.

8

Moreover, "the State had five complainants who all testified that Appellant had assaulted them." *Id.* at 811. The court found the testimony of the complainants to be "much more probative of the charged offenses than the extraneous-offense evidence because the testimony of the five complainants all alleged that Appellant sexually assaulted them, which was the ultimate issue the State had to prove at Appellant's trial." *Id.* The court specifically contrasted the facts in *Pawlak* with those in *Wheeler*, stating, "Unlike in *Wheeler*, in which one little girl was 'pitted against six defense witnesses whose testimony asserted or implied the events did not occur[,]' here the State had multiple victims testifying about specific incidents of inappropriate sexual behavior, and the similarities in their stories were striking." *Id.* (quoting *Wheeler*, 67 S.W.3d at 889).

The Court of Criminal Appeals observed that "possession of pornography was not an issue at trial" in *Pawlak*, and "the extraneous-offense evidence was only marginally probative as a possible rebuttal of [Pawlak's] theory that he was not sexually interested in young men," whereas there was highly probative testimony from each of the teenage victims, and there were striking similarities among their stories. Thus, the Court of Criminal Appeals concluded that, "[u]nder these facts the sheer volume of extraneous-offense evidence was unfairly prejudicial and invited the jury to convict [Pawlak] of sexually assaulting or attempting to sexually assault the victims because [he] possessed 9,900 images that include homosexual child

9

pornography"—all 9,900 images of which were introduced into evidence and taken into the jury room. *Id.* The court held that the trial court had abused its discretion in admitting the extraneous-offense pornographic images referring to the crime of possession of child pornography. *Id.*

The situation here is clearly distinguishable from that in *Pawlak*, and the majority should have focused its analysis on the admissibility of the extraneous offense evidence as provided for under the relevant rules of evidence and factually similar case law. It should not have relied on an almost completely inapposite case, leaving the misleading impression that the admissibility of the evidence of Cox's possession of pornography was barely relevant, irrational, and highly prejudicial, as in *Pawlak*.

This is not a case in which this appellate Court need have concerned itself with "discern[ing] a method" for drawing a line between inflammatory evidence necessary to carry the State's burden of proof and evidence that is not necessary and "has a significantly larger inflammatory effect." Slip Op. at 22. Nor is it a case in which the appellate court should have had to labor to discern whether the "sheer volume" of admissible, highly probative, and necessary evidence upon which the prosecution did not dwell was, by its "sheer volume" inadmissible, regardless of its great relevance, highly probative value, and the way it was used at trial. To call this a "close case" on this ground—as the majority does, Slip Op. at 24—is to misapply

10

the burden of proof by decreeing that the volume of such highly probative evidence makes the evidence, *by that very fact*, "unfairly" or "irrationally" prejudicial.

The standard in assessing "the potential of the evidence to impress the jury in some *irrational, but nevertheless indelible way*" is "the potential prejudice of sheer volume, barely relevant evidence*, and* overly emotional evidence." *Salazar v. State*, 90 S.W.3d 330, 336 (Tex. Crim. App. 2002) (emphasis added) (assessing prejudicial effect of victim impact or victim character evidence). Here, the "sheer volume" of evidence of Cox's possession of pornography was not irrationally related to his intent to commit the crimes with which he was charged, it was not "barely relevant," and its presentation was not "overly emotional." Thus, in assessing the admissibility of that evidence, and the correctness of the trial court's ruling, I cannot conclude—as the majority does—that this Court need rely solely on the fact that "[t]rial judges deserve the greatest deference when they have explicitly weighed and balanced [the] four factors [that determine admissibility of evidence as more probative than prejudicial under Rule 403], and articulated their rationale for admitting or excluding the evidence." *Id.* at 337.

I agree only with the majority's conclusion that, "[g]iven the probative value of the evidence, the limited emphasis placed on the evidence, the strength of the State's need for the evidence, and the careful thought of the trial court in determining its admissibility, . . . the trial court did not abuse its discretion by admitting the

11

evidence" of Cox's possession of child pornography. *See* Slip Op. at 24. I would overrule Appellant's sole issue.

## Conclusion

I respectfully concur in the judgment.


Evelyn V. Keyes
Justice

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Justice Keyes, concurring in the judgment.

Publish. *See* TEX. R. APP. P. 47.2(b).