

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00327-CR

_____

EDWARD DEWANE BROCKMAN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1550194R

---

Before Birdwell and Bassel, JJ.; and Lee Ann Dauphinot (Senior Justice, Retired,
Sitting by Assignment)
Memorandum Opinion by Justice Dauphinot

**MEMORANDUM OPINION**

A jury convicted Appellant Edward Dewane Brockman of continuous sexual abuse of a child under fourteen years of age and assessed his punishment at forty-seven years and six months' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court sentenced him accordingly. Appellant brings three points on appeal, challenging the sufficiency of the evidence supporting his conviction and two evidentiary rulings. Because the evidence is sufficient to support the jury's verdict and because the trial court committed no error, we affirm the trial court's judgment.

Brief Facts

Appellant lived with Complainant J.M.[1] and his mother on an off-and-on basis from February 2015 to May 2016. J.M. testified that from the time he was six or seven years old, Appellant would sexually abuse him every time J.M.'s mother left to run errands. Eventually, J.M. told his mother what Appellant had done to him. When his mother confronted Appellant and tried to call the police, Appellant picked her up from behind the neck and slammed her on the ground.

---

[1]To preserve the complainant's anonymity, we use his initials. *See McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

Sufficiency of the Evidence

In his first point, Appellant argues that the evidence is insufficient to support his conviction because J.M.'s testimony was not consistent with the testimony of the SANE[2] nurse who found no evidence of sexual abuse.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3] A person commits the offense of continuous sexual abuse of a young child if, during a period that is thirty days or more in duration, the person commits two or more acts of sexual abuse against a child younger than fourteen years of age.[4]

An "act of sexual abuse" includes indecency with a child other than by touching, sexual assault, aggravated sexual assault, and sexual performance with a child.[5] The testimony of a child sexual abuse victim, alone, can be sufficient to

---

[2]Sexual assault nurse examiner.

[3]*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016).

[4]*See* Tex. Penal Code Ann. § 21.02(b); *see also Pollock v. State*, 405 S.W.3d 396, 401–02 (Tex. App.— Fort Worth 2013, no pet.).

[5]Tex. Penal Code Ann. § 21.02(c)(2), (3), (4), (6).

support a conviction for continuous sexual abuse of a child.[6] Here, the testimony of J.M.'s mother, of the forensic interviewer, and of the SANE nurse was consistent with J.M.'s trial testimony. Although the SANE nurse saw no evidence of injuries to J.M.'s anus, she testified that she often does not see injuries to a child's anus after an adult penis has contacted the child's anus, because of the way a child's body reacts to the trauma. Thus, the SANE nurse's testimony was not inconsistent with J.M.'s because many of the instances of sexual abuse described by him would not leave evidence.

Considering the record as a whole, and applying the appropriate standard of review, we hold the evidence sufficient to support the jury's verdict. We overrule Appellant's first point.

Rule 403 Issue

In his second and third points, Appellant argues that the trial court reversibly erred in violation of evidentiary rule 403[7] by admitting evidence through J.M.'s testimony and through his mother's testimony that Appellant body-slammed J.M.'s mother when she tried to report the sexual abuse by Appellant to the police.

As the State prepared to offer evidence of Appellant's body-slamming J.M.'s mother, the State addressed Appellant's motion in limine:

---

[6]*See* Tex. Code Crim. Proc. Ann. art. 38.07; *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet.).

[7]Tex. R. Evid. 403.

4

MR. KNIGHT: Judge -- Judge, there was a motion in limine on 38.37 specifically regarding a body-slamming incident. And, Judge, I would like to go into that with [J.M.] at this time.

THE COURT: For what purpose?

MR. KNIGHT: Judge, to show the consciousness of guilt of this defendant.

MR. ST. JOHN: Same objection. It's not relevant. It doesn't show any guilt at all. It's not relevant to the allegation, period.

The trial court clarified that the assault on J.M.'s mother occurred at or near the time of the outcry when she confronted Appellant and before she had reported the sexual abuse to the police. The trial court announced the testimony of the body slam would be admitted before the jury and Appellant raised a 403[8] objection. The trial court announced he had performed the requisite balancing tests and, again, that the evidence would be admitted.

During J.M.'s testimony about the Appellant's body slamming J.M.'s mother while she called the police, Appellant stated he renewed the objection he had previously made, but he did not explain whether he was renewing his 403 objection or his 38.37 objection. Nor did he ask for a continuing objection.

---

[8] *Id.*

The State argues Appellant's violent response to J.M.'s accusation was admissible as a demonstration of Appellant's consciousness of guilt, and therefore, admissible as one of the strongest kinds of evidence of guilt.[9]

Under Texas Rule of Evidence 403, the trial court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, the jury's being misled, undue delay, or the needless presentation of cumulative evidence.[10] "The issue is whether the search for truth will be helped or hindered by the interjection of distracting, confusing, or emotionally charged evidence."[11] The Texas Court of Criminal Appeals has explained that the court may not exclude relevant evidence that is merely prejudicial because all evidence against a defendant is, by its nature, prejudicial against the defendant; only unfairly prejudicial evidence may be excluded.[12]

Appellant's reaction to J.M.'s mother confronting him and calling the police was part of the experience J.M. related of a prolonged period of sexual abuse that he finally revealed to his mother. The outburst simply helps complete the story. The

[9]*Torres v. State*, 794 S.W.2d 596, 598 (Tex. App.—Austin 1990, no pet.) (citing 2 Roy R. Ray, *Texas Practice: Law of Evidence* § 1538, at 242 (3d ed. 1980)).

[10]Tex. R. Evid. 403.

[11]*Gigliobianco v. State*, 210 S.W.3d 637, 640 (Tex. Crim. App. 2006) (quoting Joseph M. McLaughlin, et al., *Weinstein's Federal Evidence* § 403.02[1][a], at 403–06 (2006 rev.)).

[12]*Pawlak v. State*, 420 S.W.3d 807, 811 (Tex. Crim. App. 2013).

testimony was relevant, and although it was prejudicial, its probative value is not substantially outweighed by a danger of unfair prejudice, confusion of the issues, the jury's being misled, undue delay, or the needless presentation of cumulative evidence.

The trial court did not err by admitting the evidence of Appellant's trying to prevent J.M.'s mother from reporting the abuse to the police. We therefore overrule Appellant's second and third points on appeal.

Conclusion

Having overruled Appellant's three points on appeal, we affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
Lee Ann Dauphinot
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 28, 2019