**AFFIRMED; Opinion Filed November 23, 2020**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00263-CR

**CLEAVEN WADE III, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-83322-2015**

## MEMORANDUM OPINION

Before Justices Myers, Nowell, and Evans
Opinion by Justice Myers

A jury convicted appellant Cleaven Wade of aggravated assault with a deadly weapon and assessed the punishment at seven years in prison. The sentence was suspended and appellant was placed on community supervision for seven years. In one issue, appellant complains about the violation of rules 401 and 403 of the Texas Rules of Evidence. We affirm.

### DISCUSSION

In his only issue, appellant contends the trial court abused its discretion in its application of rules 401 and 403 in overruling appellant's objections during trial regarding "the admission of testimony and other evidence about firearms and

ammunition" appellant "lawfully possessed that were neither alleged to have been used in the commission of the charged offense nor related *in any way* to the charged offense."

We review trial court decisions admitting or excluding evidence for an abuse of discretion, and under this standard the trial court's decision admitting or excluding evidence will be upheld so long as it is within the "zone of reasonable disagreement." *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018).

Rule 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." TEX. R. EVID. 401. "Generally, all relevant evidence is admissible." *Layton v. State*, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009); *see* TEX. R. EVID. 402. When determining whether evidence is relevant, it is important for courts to examine the purpose for which the evidence is being introduced. *Layton*, 280 S.W.3d at 240. "It is critical that there is a direct or logical connection between the actual evidence and the proposition sought to be proved." *Id.*

Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403; *Gonzalez v. State*, 544 S.W.3d 363, 372 (Tex. Crim. App. 2018). "The probative force of

–2–

evidence refers to how strongly it serves to make the existence of a fact of consequence more or less probable." *Id.*

Relevant evidence is presumed to be more probative than prejudicial. *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). All evidence against a defendant is, by its nature, designed to be prejudicial. *See Pawlak v. State*, 420 S.W.3d 807, 811 (Tex. Crim. App. 2013). Rule 403 does not exclude all prejudicial evidence; instead, it focuses on the danger of "unfair" prejudice. *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005). Evidence is unfairly prejudicial if it has the capacity to lure the factfinder into declaring guilt on a ground other than proof specific to the offense charged. *Manning v. State*, 114 S.W.3d 922, 928 (Tex. Crim. App. 2003). The trial judge has substantial discretion in balancing probative value and unfair prejudice. *See Powell v. State*, 189 S.W.3d 285, 288 (Tex. Crim. App. 2006).

A rule 403 balancing test includes, but is not limited to, the following factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Hernandez v. State*, 390 S.W.3d 310, 324 (Tex. Crim. App. 2012). A rule 403 analysis may also consider whether there is any tendency of the evidence to confuse or distract the jury from the main issues as well as any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence. *See Gigliobianco v. State*,

210 S.W.3d 637, 641 (Tex. Crim. App. 2006). However, "these factors may well blend together in practice." *Id*. at 641-42.

Appellant was indicted for aggravated assault with a deadly weapon. The indictment alleged he intentionally and knowingly threatened the complainant, Deanna Haynes, with imminent bodily injury and used or exhibited a deadly weapon, a firearm, during the commission of the offense.

The evidence showed that on June 22, 2015, Haynes and appellant were driving their separate cars in Allen, Texas, at around 8:00 a.m. Appellant's vehicle, a BMW SUV, was initially in front of Haynes's Nissan Altima. At some point, appellant stopped his car and activated his hazard lights. Haynes drove around appellant and got in front of his vehicle. Appellant then accelerated and was "right on [Haynes's] tail," according to the testimony of Jason Valleau, the only eyewitness. Haynes's vehicle, still in front of appellant, then made "a really hard stop." As he testified, "I guess you could call it an aggressive stop." At that point, appellant drew a Glock .45 pistol from within his car and shot five rounds through his windshield into Haynes's car. Haynes was not injured, but the shots went through the driver's side of her car. Three slugs were recovered from Haynes's vehicle.

Both Haynes and appellant called 911, pulled into a nearby gas station, and waited for the police. When police spoke to appellant, he told them the gun he had fired, a Glock .45 caliber handgun, was in the glove compartment. The police patted

–4–

down appellant and found an HK semiautomatic pistol tucked into appellant's waistband and a Glock .9 mm pistol strapped to each ankle. The police found a total of four guns, eight magazines, and approximately 100 total rounds of live ammunition at the scene.

Appellant pleaded self-defense and testified that he consciously aimed and shot at Haynes's car to stop the driver because he feared for his life. He testified that Haynes slammed on her breaks several times, and he believed she singled him out for some reason. Appellant said he saw Haynes turn around in her car and point something at him. He testified: "When she turned around something—whatever that was, was in her hand, she was ready to take my life, and I don't know, the—the hardest part about the whole thing, I could not fathom why someone would be doing this first thing in the morning."

Appellant filed a motion in limine prior to trial seeking to bar the prosecutor from referring to or mentioning before the jury the fact that appellant called an attorney or was speaking to an attorney at the scene of the incident when the police arrived at the scene—until a hearing had been held outside the presence of the jury to determine the admissibility of such testimony. But at no point prior to trial did appellant try to exclude all mention of the firearms and ammunition found on him or in his vehicle after police responded to the scene—and that were not alleged to have been used in the commission of the offense.

During the State's case-in-chief, it called Allen police officer James Everett as its first witness. Everett testified on direct that as he was patting appellant down, he saw a pistol in appellant's waistband and found a pistol strapped to each ankle. The State offered into evidence in-car dashcam police video (State's exhibit 2), during which Office Everett can be seen patting down appellant and heard discussing what he found—e.g., a pistol tucked in appellant's waistband and one strapped to each ankle. The State also offered two photographs (State's exhibits 3 and 4) that showed the firearms, ammunition, and holsters displayed together on the trunk of a police vehicle. Everett's testimony, the dashcam video, and the photos were all admitted into evidence without objection from the defense. Appellant cross-examined Everett about the firearms found on appellant, including what type of guns they were and where they were located. Later in the trial, and prior to the testimony of Allen police crime scene investigator Callie McClendon, appellant objected under rules 401 and 403 to the State offering the firearms, holsters, and ammunition into evidence. The defense argued:

> I anticipate that with the next witness the State's going to try to admit all the firearms that were found in the vehicle. There has already been two photos admitted that display the firearms laid out on the back of a car. It seems under 403 being more prejudicial to my client to admit the firearms themselves now that there's already been photos of them. The jury has been able to see them.
>
> It seems slightly duplicative and very prejudicial. The firing of the gun isn't at issue here. This isn't something that we're trying to say that he did not fire a firearm. So it seems unnecessary and prejudicial for them to admit the firearms. That's all.

The State responded:

> Judge, it's true that we offered and two—two photos were admitted of the firearms[;] however, they're fairly zoomed out. The probative value of these weapons is highly probative. This goes to his State [sic] of mind on that day.
>
> There is additional evidence that are on firearms that are—it does not exi[s]t with the photographs, the serial numbers and that kind of thing, not to mention the fact that the defense has applied lack of a thorough investigation of that type of—way of thinking on behalf of the police and by showing that the firearms were collected on the scene. They were taken of off the defendant. They were kept under lock and key at the Allen Police Department. It goes to show the thoroughness of the investigation on behalf of Allen Police Department.

The trial court overruled the objection and concluded, "They are allowed in." Later, when the firearms, holsters, and ammunition were offered into evidence, defense counsel objected and cited her previous argument. The trial court again overruled the defense's objection.

Appellant argues on appeal that the trial court erred in admitting testimony and other evidence about firearms and ammunition, but he does not direct us to the specific testimony or exhibits in the record that he claims were improperly admitted. *See* TEX. R. APP. P. 38.1(i) ("brief must contain a clear and concise argument for the contentions made, with appropriate citations to the authorities and to the record."). Even so, to the extent appellant is complaining about the admission of firearms, holsters, and ammunition that were not alleged to have been used in the charged offense or connected to it, appellant did not object at trial to the admission of the in-car dashcam video or the photographs of the firearms, holsters, and ammunition.

And appellant made no rule 401 or 403 objections to Officer Everett's testimony about the firearms found on appellant. But appellant did object, later in the trial, to the admission of the holsters (State's exhibits 51-53 and 58), the rounds (State's exhibits 55-57), the shell casings (State's exhibits 59-63), the slugs (State's exhibits 64-67), and the firearms themselves (State's exhibits 204-207). Therefore, even if we assume (without so deciding) that a complaint about the admission of the firearms, holsters, and ammunition was preserved, and that the trial court erred in overruling the objection, the record shows that testimony about the firearms found on appellant, in-car dashcam video, and photos of the evidence were admitted without objection. Indeed, part of defense counsel's argument about the admission of the firearms, holsters, and ammunition when she first objected at trial was that the admission was "slightly duplicative" because there were already in evidence two photographs of the firearms showing them displayed on the back of a police car. Also, defense counsel elicited testimony about the firearms and ammunition during her cross-examination of Officer Everett.

Erroneously admitted evidence will not result in reversal when other evidence, or substantially similar evidence, was received without objection—either before or after the complained of ruling. *Coble v. State*, 330 S.W.3d 253, 282 (Tex. Crim. App. 2010); *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *see also Estrada v. State*, 313 S.W.3d 274, 302 n.29 (Tex. Crim. App. 2010) (noting any error was harmless in light of "very similar" evidence admitted without objection). Error

–8–

in the admission of evidence may be rendered harmless when substantially the same evidence is admitted elsewhere without objection, *see Leday*, 983 S.W.2d at 717–18, and that (assuming there was any error) is what happened here.  Accordingly, we overrule appellant's issue.

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190263F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

CLEAVEN WADE III, Appellant

No. 05-19-00263-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas Trial Court Cause No. 219-83322-2015.

Opinion delivered by Justice Myers. Justices Nowell and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 23rd day of November, 2020.