**AFFIRMED and Opinion Filed July 25, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00421-CR

## ANTONIO ALEX ANGULOVILLALTA, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F19-00739-P**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Goldstein
Opinion by Justice Goldstein

After a jury trial, appellant was convicted of continuous sexual abuse of a young child as charged by indictment. *See* TEX. PENAL CODE ANN. § 21.02(b). In his sole issue, appellant contends that the trial court erred in admitting evidence of extraneous offenses. We affirm.

## BACKGROUND

The complainant in this case, J.C., is appellant's first cousin. In December 2017, J.C. told her mother that appellant had abused her. The mother took J.C. to a pediatrician and eventually reported the abuse to the police. Detective Chad Valline of the Irving Police Department was assigned to the case. Detective Valline

scheduled a forensic interview of J.C., in which J.C. described multiple instances of sexual abuse. In addition to J.C., Detective Valline scheduled forensic interviews with three other children in appellant's family, S.J., C., and J., all of whom were appellant's first cousins. Officer Valline testified that two of them, S.J. and C., also disclosed sexual abuse by appellant.

At trial, the State offered Detective Valline's testimony regarding what the children reported. Appellant objected that the testimony regarding extraneous offenses would be "more prejudicial towards my client than they are of probative value to the jury." The trial court overruled the objection. Detective Valline testified that, of the four children interviewed, J.C., S.J., and C. reported sexual abuse by appellant. J.C. and S.J. also testified at trial describing appellant's sexual conduct.

The jury convicted appellant of one count of continuous sexual abuse of a young child and assessed punishment at thirty years' confinement. The trial court entered its judgment of conviction and sentenced appellant accordingly. This appeal followed.

## DISCUSSION

In his sole issue, appellant argues that the trial court erred in admitting Detective Valline's testimony of extraneous offenses against other victims on grounds that the testimony was substantially more prejudicial than probative. *See* TEX. R. EVID. 403.

## I. APPLICABLE LAW

We review the trial court's decision on the admissibility of evidence under an abuse of discretion standard. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). A trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *Id.* If the trial court's evidentiary ruling is correct under any applicable theory of law, it will not be disturbed. *Id.*

Rule 401 provides that evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence. TEX. R. EVID. 401. "Generally, all relevant evidence is admissible." *Layton v. State*, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009); TEX. R. EVID. 402. When determining whether evidence is relevant, it is important for courts to examine the purpose for which the evidence is being introduced. *Layton*, 280 S.W.3d at 240. "It is critical that there is a direct or logical connection between the actual evidence and the proposition sought to be proved." *Id.*

Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403; *Gonzalez v. State*, 544 S.W.3d 363, 372 (Tex. Crim. App. 2018). "The probative force of evidence refers to how strongly it serves to make the existence of a fact of consequence more or less probable." *Id.*

Relevant evidence is presumed to be more probative than prejudicial. *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). All evidence against a defendant is, by its nature, prejudicial. *See Pawlak v. State*, 420 S.W.3d 807, 811 (Tex. Crim. App. 2013). Rule 403 does not exclude all prejudicial evidence; instead, it focuses on the danger of "unfair" prejudice. *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005). Evidence is unfairly prejudicial if it has the capacity to lure the factfinder into declaring guilt on a ground other than proof specific to the offense charged. *Manning v. State*, 114 S.W.3d 922, 928 (Tex. Crim. App. 2003). The trial judge has substantial discretion in balancing probative value and unfair prejudice. *See Powell v. State*, 189 S.W.3d 285, 288 (Tex. Crim. App. 2006).

A rule 403 balancing test includes, but is not limited to, the following factors: (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). These factors may blend together in practice. *Id.*

## II.  APPLICATION OF LAW TO FACTS

Before analyzing the factors, we must consider the scope of appellant's arguments on appeal. At trial, Detective Valline testified, over appellant's Rule 403 objection, that two children besides J.C. (namely, S.J. and C.) reported sexual abuse during their forensic interviews. Other than identifying those children by name and age, Detective Valline offered no additional details regarding what information they disclosed in the interviews.[1] Later, the State called one of those two children, S.J., to testify. Appellant's counsel reurged the Rule 403 objection, which the trial court again overruled. The State elicited extraneous-offense testimony from S.J., this time specifically detailing how and when appellant sexually abused her. In this appeal, appellant solely challenges Detective Valline's testimony on Rule 403 grounds, and does not challenge S.J.'s testimony on any evidentiary ground.[2]

Applying the *Gigliobianco* factors, we conclude the trial court did not abuse its discretion in admitting Detective Valine's extraneous-offense testimony regarding S.J. and C.'s disclosure of sexual abuse by appellant. Regarding the first and second factors, Detective Valline's testimony was probative on the question of J.C.'s credibility. During voir dire, defense counsel asked questions suggesting that

---

[1] This same information was contained in a State's exhibit admitted over no objection with the names and ages juxtaposed with the Appellant's age.

[2] It appears that appellant's decision not to challenge S.J.'s testimony on appeal may have been deliberate. As mentioned above, one of the factors in the Rule 403 analysis is the extent to which the proponent needs the testimony. *Gigliobianco*, 210 S.W.3d at 641–42. Here, appellant challenges Detective Valine's testimony, arguing in part that the State did not need it because the State was able to elicit the same testimony from S.J.

J.C.'s allegations were fabricated, placing J.C.'s credibility directly at issue. Counsel continued that thread during opening statement, stating:

> Now, yesterday we talked about whether or not children lie. So just keep that in the back of your mind as well. When I say something doesn't make sense, why? Could be the child have been motivated by somebody? Could they have been influenced? Could they not want to get in trouble by somebody?

> You guys are going to hear a lot about a very, very complicated family history, as the State has said. There's a lot of tension, a lot of bitterness, a lot of anger that runs in this family. And I believe that after you hear all of the testimony that is presented to you, you'll understand the complicated nature of this family and what may lead somebody to say something about the Defendant that may not be true.

In light of these statements, the trial court could have concluded that Detective Valline's testimony was probative to rebut the defense's fabrication theory and the State needed the testimony for that purpose.[3] *See James*, 623 S.W.3d at 547–48 ("[E]vidence of prior assaults and abuse makes it less likely that a complainant has fabricated the charged offenses."). Detective Valline's testimony as to S.J.'s and C.'s outcry also contextualized the charged offense and the extraneous offenses for the jury. Specifically, Detective Valline testified regarding the respective ages of

---

[3] Appellant contends that the State did not need Detective Valline's extraneous-offense testimony because there were no "vigorous" challenges to J.C.'s credibility. Appellant appears to argue that the challenge to J.C.'s credibility was not serious enough at the time Detective Valline testified to warrant his extraneous-offense testimony. We disagree. Counsel's remarks during voir dire and opening statement showed that the J.C.'s credibility would be a central issue in the case. Counsel offered no other defensive theories during opening statement and asked the jury to "keep an open mind" and consider J.C.'s various motivations for lying as it heard the evidence. Thus by the time Detective Valline testified, the State's need for extraneous-offense evidence was already established. *See James v. State*, 623 S.W.3d 533, 547–48 (Tex. App.—Fort Worth 2021, no pet.) (where defendant introduced defensive theory of fabrication in voir dire and opening statement, trial court did not err in admitting extraneous-offense evidence before victim's testimony).

appellant and his victims and explained why appellant was not charged for the extraneous offenses—namely, because appellant was under the age of seventeen when he committed the extraneous offenses.[4] *See Brickley v. State*, 623 S.W.3d 68, 82 (Tex. App.—Austin 2021, pet. ref'd) (no abuse of discretion in admitting extraneous-offense evidence where said evidence "helped contextualize" the evidence and explain why the victim delayed reporting the defendant's conduct).

We now turn to the Rule 403 counterfactors. *See Casey v. State*, 215 S.W.3d 870, 883 (Tex. Crim. App. 2007) (first two factors in Rule 403 analysis are balanced against the remaining four "counterfactors"). Regarding the third factor, the record reveals that Detective Valline's outcry-related testimony could have had little, if any, tendency to suggest a decision on an improper basis. As one of seven State's witnesses, Detective Valline's testimony comprised only seventeen pages of the entire trial transcript and neither consumed an inordinate amount of trial time nor was repetitious of other evidence. Rather, the testimony formed the framework of the investigation. And within his brief time on the stand, Detective Valline made only two references related to extraneous offenses—first, that three children made outcries of sexual abuse during their forensic interviews and second, that the other two children were S.J. and C. Although the nature of the extraneous offenses may have been prejudicial, Detective Valline did not offer any specific details regarding

---

[4] We note that during pre-trial, appellant argued that extraneous offenses should be excluded in part because they did not result in any charges and were "mere allegations." Again, a State's exhibit admitted over no objection reflects this same information in comparative form.

–7–

C.'s statements, thus limiting the emotional impact his testimony could have had on the jury.[5] *Bargas v. State*, 252 S.W.3d 876, 893 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (extraneous-offense testimony from second victim that defendant touched her sexually was more probative than prejudicial where State "spent minimal time developing" the testimony and it was "neither lengthy nor graphic"); *McGregor v. State*, 394 S.W.3d 90, 121 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (concluding testimony of officers related to extraneous murder offense were not prejudicial where the officers "did not spend a large amount of their testimony dwelling on" the victim's injuries).

Nor can we conclude, regarding the fourth factor, that Detective Valline's reference to S.J.'s and C.'s outcries of sexual abuse had any tendency to confuse the issues or distract the jury from the main issues. The testimony was relatively brief, and the trial court correctly instructed the jury that it could not consider extraneous offenses unless it found beyond a reasonable doubt that appellant committed them and, even then, it could only consider that evidence to the extent it bore on relevant matters. *See Price v. State*, 594 S.W.3d 674, 681 (Tex. App.—Texarkana 2019, no pet.) (evidence of extraneous sexual abuse offenses not confusing or distracting

---

[5] Defendant acknowledges that Detective Valline's testimony was limited to names, ages and statement of outcry without specific facts of those allegations. We note that Detective Valline's testimony related to appellant's conduct with S.J. was not nearly as graphic as the testimony offered by S.J. herself. Appellant, however, does not challenge S.J.'s testimony on Rule 403 grounds.

where trial court correctly instructed jury on elements of the crime charged and extent to which jury was allowed to consider extraneous-offense evidence).

Appellant concedes the last two factors "probably had little effect on the jury" but insists that the cumulative force of the extraneous-conduct evidence was unduly prejudicial because he "could not cross-examine the accusers" and thus the jury "heard names and ages but never heard from the accusers themselves." Contrary to appellant's assertion, four children were interviewed and three made outcries. Two testified at trial, both of whom underwent cross-examination. Only one child, C., did not testify. On balance, we cannot conclude the trial court abused its discretion by overruling appellant's Rule 403 objection as to Officer Valline's extraneous-offense testimony.

Because we conclude that the trial court did not abuse its discretion in overruling appellant's Rule 403 objection, we do not reach the State's argument that appellant was not harmed. We overrule appellant's sole issue and affirm the trial court's judgment.

/Bonnie Lee Goldstein/  
BONNIE LEE GOLDSTEIN  
JUSTICE

Do Not Publish  
Tex. R. App. P. 47.2(b)

200421F.U05

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTONIO ALEX
ANGULOVILLALTA, Appellant

No. 05-20-00421-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F19-00739-P.
Opinion delivered by Justice
Goldstein. Justices Molberg and
Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 25th day of July 2022.