# NO. 12-19-00314-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RAUL LOPEZ,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Raul Lopez appeals his conviction for continuous sexual abuse of a child. Appellant raises two issues on appeal. We affirm.

### BACKGROUND

Appellant is the victim's uncle. According to the victim, Appellant first touched her in a sexual manner while they sat in his vehicle when she was approximately in the fifth grade. The sexual abuse escalated a few months later into penetration of her sexual organ. These acts continued to occur once or twice a week throughout her fifth and sixth grade year.

At the time, Appellant resided at his girlfriend's apartment, while the victim resided with her grandparents, along with her aunt and uncle and their nine children in a small home.[1] Appellant ceased his relationship with his girlfriend, and after living alone or with his child for a period of time, he moved into the same home where the victim resided during her seventh grade year prior to her fourteenth birthday. Because of the home's small size and the large number of people living there, Appellant and the victim shared sleeping quarters in the living room, where the victim slept on a bed while Appellant slept on the sofa. Once Appellant moved into the home, he continued to commit various acts of sexual abuse on a near nightly basis. Furthermore,

---

[1] The victim's aunt and uncle eventually had a tenth child, who also resided at the home.

numerous acts of abuse occurred in Appellant's vehicle throughout this time period. These acts continued until two weeks prior to the victim's outcry when she was sixteen years old. According to the victim, Appellant also forced her to consume a "Plan B" pill and drink an herbal tea formulated to abort any possible pregnancy.

When the victim was in high school, she eventually disclosed the abuse to her boyfriend. Her boyfriend told his mother, who is also the victim's employer. Her boyfriend's mother notified the authorities. A forensic interviewer at the Children's Advocacy Center subsequently interviewed the victim, who described the abuse. The victim told the interviewer that after the abuse began, Appellant required her to perform sexual acts or alternatively send him nude photos of her in exchange for gifts he purchased for her. The victim told the interviewer that she sent the photos to Appellant on an iPad that he purchased for her because this would temporarily relieve her of having to perform physical sexual acts with Appellant. During the course of the investigation, Appellant learned that the victim disclosed the nature of the abuse, and the victim later explained that he struck her in the face and threatened to "end" her, as well as threatened to kill her boyfriend and "take his head off."

Based on the information gathered in the forensic interview, the police interviewed Appellant, who after initially denying any wrongdoing, ultimately admitted that he had sex with the victim on one occasion after she allegedly seduced him. He also consented to a search of his cell phone, which revealed nude photographs of the victim. The search of the phone also revealed messages Appellant sent to the victim such as "Why don't you love me anymore," and "You are what I want."

Based on this information, the authorities later obtained a warrant and went to arrest Appellant, who spoke only Spanish. When the police arrested Appellant, an officer present to translate into Spanish the execution of the warrant told Appellant that they were there to arrest him for sexual assault of a child. The officer later explained at the ensuing trial that there is no direct translation for "sexual assault" in Spanish, and that the word or phrase used is more akin to an assault through physical violence such as strikes. The officer stated that Appellant replied in Spanish that he did not assault anyone, and that the sexual relationship was "consensual." Furthermore, the officer asked Appellant, "Didn't you know she was underage?" Appellant replied, "Yes."

Appellant was indicted for continuous sexual abuse of a child. Appellant pleaded "not guilty" to the offense and the matter proceeded to a jury trial. The court's charge included not only the offense of continuous sexual abuse of a child, but also the lesser included offense of aggravated sexual assault of a child. The jury ultimately found Appellant guilty of the continuous sexual abuse of a child offense and sentenced him to imprisonment for life. This appeal followed.

**SUFFICIENCY OF THE EVIDENCE**

In his first issue, Appellant argues that the evidence is insufficient to support the verdict due to conflicting evidence regarding the victim's veracity.

**Standard of Review**

An appellate court reviews a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*. 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). A challenge to the sufficiency of the evidence requires the reviewing court to consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 895. The jury is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony, and the reconciliation of conflicts in the evidence. *Whitaker v. State*, 977 S.W.2d 595, 598 (Tex. Crim. App. 1998). "When the record supports conflicting inferences, we presume that the fact finder resolved the conflicts in favor of the prosecution and therefore defer to that determination." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and circumstantial evidence are treated equally. *Id.* Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or

unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

**Applicable Law**

To establish the offense of continuous sexual abuse of a child, the State must prove that the defendant, during a period of time thirty or more days in duration, committed at least two acts of sexual abuse against a child younger than fourteen years of age, while he was at least seventeen years of age at the time of each of the acts. *See* TEX. PENAL CODE ANN. § 21.02(b) (West 2019). In relevant part, an "act of sexual abuse" is defined as including an act that constitutes the offense of indecency with a child by contact, sexual assault, and aggravated sexual assault. *Id.* § 21.02(c)(2)-(4); *see id.* § 21.11(a)(1), (c) (West 2019) (defining acts that constitute indecency with a child by contact, including touching the genitals of a child); *see id.* § 22.011(a)(2)(A) (West Supp. 2020) (defining acts that constitute sexual assault of a child, including causing penetration of child's sexual organ by any means); *see id.* § 22.021(a)(1)(B)(i), (a)(2)(B) (West 2019) (enumerating acts that constitute offense of aggravated sexual assault of a child, including causing penetration of child's sexual organ under the age of fourteen). The State need not prove the exact dates of the abuse, only that "there were two or more acts of sexual abuse that occurred during a period that was thirty or more days in duration." *Brown v. State*, 381 S.W.3d 565, 574 (Tex. App.—Eastland 2012, no pet.); *Lane v. State*, 357 S.W.3d 770, 773–74 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (stating that factfinder is not required to agree on exact dates that acts of sexual abuse were committed).

**Discussion**

At the outset, we note that the victim testified unequivocally that Appellant committed the offense of continuous sexual abuse of a child. Specifically, she testified that Appellant committed numerous aggravated sexual assaults, sexual assaults, and indecency with a child by contact offenses that took place over a period of thirty or more days when she was younger than fourteen years of age and Appellant was at least seventeen years of age. The testimony of a child victim, standing alone, is sufficient to support a conviction for continuous sexual abuse of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2019); *see also Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet.).

Appellant nevertheless contends that the evidence conflicts regarding the victim's veracity. As part of this argument, Appellant points to testimony that the victim's family did not

4

believe her concerning the allegations she made against Appellant. Specifically, the victim's aunt, who is also Appellant's sister, testified that the victim fabricated the abuse. She testified that the home's size, when coupled with the large number of people living there, shows that Appellant and the victim could not have engaged in repeated sexual acts without someone overhearing it. However, even with all the other people in the home, only Appellant and the victim slept in the living room. The victim explained that Appellant waited until the family was asleep and that he shut a door in the living room so that no one would hear them. Furthermore, on cross-examination, the victim's aunt admitted that she and her husband conceived three children in the same home during this period and that the rest of the family would not have heard them have sexual intercourse because they were asleep. Additionally, the victim testified that many of the acts occurred in Appellant's vehicle "over and over" throughout the relevant time period.

The victim's aunt also testified that the victim told her ten times that she falsified the allegations so that she could obtain legal documents that would allow her to remain in the country. The victim repeatedly denied that she fabricated the allegations or that anyone told her that she would improve her immigration status by coming forward with the allegations. The victim explained, and her aunt acknowledged, that the victim had applied for and obtained Deferred Action for Childhood Arrivals (DACA) status prior to and independent of her outcry, meaning that she would not be removed or deported from the country. Moreover, even though the victim's aunt testified that she did not believe the victim and that she believed the victim falsified the allegations to obtain legal residency status, she admitted that Appellant confessed to her in the hallway during a recess at trial that he had sex with the victim. In any event, the credibility of the witnesses and the conflicts in the testimony between the victim and her aunt were for the jury to resolve. *See Hooper*, 214 S.W.3d at 13. Furthermore, a child's outcry testimony, even if contradicted by other evidence or witnesses at trial, retains probative value sufficient to prove the offense. *See Bargas v. State*, 252 S.W.3d 876, 888 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Finally, Appellant admitted that he had sex with the victim, albeit on only one occasion. However, he also admitted to the translating officer during his arrest that he did not assault anyone, and that the relationship was consensual. Appellant also possessed nude photographs of the victim on his phone, just as the victim had explained in her forensic interview. In light of all

5

the circumstances, it was reasonable for the jury to conclude that the sexual abuse occurred more than once to satisfy the statutory requirements for continuous sexual abuse of a child. *See* TEX. PENAL CODE ANN. § 21.02 (describing statutory requirements to satisfy conviction for continuous sexual abuse of a child). Accordingly, based on this record, we hold that a rational jury could have found beyond a reasonable doubt that Appellant committed the offense of continuous sexual abuse of a child. *See **Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789; ***Brooks***, 323 S.W.3d at 895. Appellant's first issue is overruled.

## EXCLUSION OF TESTIMONY

In his second issue, Appellant contends that the trial court abused its discretion when it excluded evidence regarding her motive for fabricating the accusations, namely, to achieve lawful immigration status.

### Standard of Review and Applicable Law

We review trial court decisions admitting or excluding evidence for an abuse of discretion, and under this standard the trial court's decision admitting or excluding evidence will be upheld so long as it is within the "zone of reasonable disagreement." ***Beham v. State***, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018).

Texas Rule of Evidence 401 provides that evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence. TEX. R. EVID. 401. "Generally, all relevant evidence is admissible." ***Layton v. State***, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009); TEX. R. EVID. 402. When determining whether evidence is relevant, it is important for courts to examine the purpose for which the evidence is being introduced. ***Layton***, 280 S.W.3d at 240. "It is critical that there is a direct or logical connection between the actual evidence and the proposition sought to be proved." ***Id.***

Texas Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403; ***Gonzalez v. State***, 544 S.W.3d 363, 372 (Tex. Crim. App. 2018). "The probative force of evidence refers to how strongly it serves to make the existence of a fact of consequence more or less probable." ***Id.***

Relevant evidence is presumed to be more probative than prejudicial. ***Santellan v. State***, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). All evidence against a defendant is, by its nature, designed to be prejudicial. *See **Pawlak v. State***, 420 S.W.3d 807, 811 (Tex. Crim. App. 2013). Rule 403 does not exclude all prejudicial evidence; instead, it focuses on the danger of "unfair" prejudice. ***State v. Mechler***, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005). Evidence is unfairly prejudicial if it has the capacity to lure the factfinder into declaring guilt on a ground other than proof specific to the offense charged. ***Manning v. State***, 114 S.W.3d 922, 928 (Tex. Crim. App. 2003). The trial judge has substantial discretion in balancing probative value and unfair prejudice. *See **Powell v. State***, 189 S.W.3d 285, 288 (Tex. Crim. App. 2006).

A Rule 403 balancing test includes, but is not limited to, the following factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. ***Hernandez v. State***, 390 S.W.3d 310, 324 (Tex. Crim. App. 2012). A Rule 403 analysis may also consider whether there is any tendency of the evidence to confuse or distract the jury from the main issues as well as any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence. *See **Gigliobianco v. State***, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006). "[T]hese factors may well blend together in practice." *Id.* at 641-42.

We review nonconstitutional error to determine whether it affected the defendant's substantial rights. TEX. R. APP. P. 44.2(b); ***Johnson v. State***, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). An error affects a substantial right if it had a substantial and injurious effect or influence on the verdict. ***King v. State***, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). A nonconstitutional error that does not affect substantial rights must be disregarded. TEX. R. APP. P. 44.2(b).

**Discussion**

In Tyler Police Department Detective Judson Moore's investigative report, he wrote that he asked the victim whether she was told by anyone that she could receive her immigration papers in exchange for coming forward with the allegations against Appellant. She smiled and nodded her head in response. Detective Moore noted in his report that this response initially concerned him. After a hearing outside the jury's presence, the trial court excluded this evidence. Appellant argues that the trial court abused its discretion in this regard.

Detective Moore testified at the hearing that he did not know what the victim was thinking in response to this question. Rather, he stated that he needed to further investigate, and either confirm or dispel his concern and determine whether the victim's allegations were credible. At the hearing, Detective Moore explained that any brief concern he may have had was quickly dispelled upon completing his investigation. Therefore, the excluded evidence, considered in its entirety, would not support the proposition that he now argues—that Detective Moore remained concerned that the victim lied to improve her immigration status. Instead, the actual evidence led to the opposite conclusion—that the victim delayed her disclosure of the abuse because she feared being deported if she made an outcry, which is what her family and Appellant repeatedly told her. Therefore, the probative value of the evidence and Appellant's need for it is slight, especially when considered in its proper context.

Furthermore, even if the trial court should have admitted the evidence, Appellant was not harmed by its exclusion. First, it is undisputed that the victim's DACA status prevents her removal from the country irrespective of her cooperation in this criminal investigation. Second, Appellant's counsel questioned the victim extensively concerning her motive to fabricate the allegations in order to obtain her lawful residency in the country. The jury also heard evidence from the victim's aunt, who testified that neither she nor the rest of her family believed the victim's allegations, and that they thought she fabricated the allegations in order to improve her immigration status. When the trial court excludes evidence, and substantially the same or similar evidence is admitted elsewhere, any error is harmless. *See **Mosley v. State***, 983 S.W.2d 249, 258 (Tex. Crim. App. 1998) (op. on reh'g) (explaining that harm from the erroneous exclusion of evidence may be mitigated by the admission of similar evidence). The trial court likewise allowed defense counsel to argue to the jury that the victim fabricated the allegations in order to obtain the lawful status to remain in the country. Finally, Appellant wanted to offer the evidence to show that the victim falsified the allegations. Yet defense counsel also argued to the jury, due to his admission of a single instance of sexual intercourse, that he is at most guilty of aggravated sexual assault of a child, not continuous sexual abuse of a child. Appellant therefore acknowledges with this jury argument that the allegations are not totally fabricated. Accordingly, we hold that the trial court did not abuse its discretion in excluding the evidence. Appellant's second issue is overruled.

## DISPOSITION

Having overruled both of Appellant's issues, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered October 21, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 21, 2020**

**NO. 12-19-00314-CR**

**RAUL LOPEZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1583-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*