**Affirmed and Opinion Filed December 23, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00258-CR
### No. 05-21-00259-CR

**ROBERT JESSE MEYERS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 380-82877-2020 & 380-82495-2020**

## MEMORANDUM OPINION

Before Justices Myers, Pedersen, III, and Garcia
Opinion by Justice Myers

A jury convicted appellant Robert Jesse Meyers of aggravated assault with a deadly weapon and possession of methamphetamine in an amount of more than one gram but less than four grams. The trial court assessed punishment, pursuant to an agreement between the parties, at ten years' imprisonment for the aggravated assault and five years for the possession of methamphetamine conviction. In one issue, appellant challenges the admissibility of extraneous offense evidence. We affirm.

### DISCUSSION

In his sole issue on appeal, appellant argues the trial court erred in allowing

into evidence an extraneous offense of a prior assault, and that this testimony was inadmissible under rules of evidence 404(b) and 403.

We review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard, and we must uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Wells v. State*, 611 S.W.3d 396, 427 (Tex. Crim. App. 2020).

Rule 404(b) prohibits the use of evidence of a crime, wrong, or other act to prove a person's character to show that a person acted in accordance with the character on a particular occasion. TEX. R. EVID. 404(b)(1). The rule provides that the evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id*. 404(b)(2). The exceptions listed in rule 404(b)(2) "are 'neither mutually exclusive nor collectively exhaustive.' There are numerous other uses to which evidence of criminal acts may be put." *Montgomery v. State*, 810 S.W.2d 372, 377 (Tex. Crim. App. 1990) (quoting MCCORMICK ON EVIDENCE § 190 at 558 (3d ed. 1984)); *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). One well-established rationale for admitting evidence of extraneous misconduct is to rebut a defensive theory that negates one of the elements of the offense. *De La Paz*, 279 S.W.3d at 343. "'When the accused claims self-defense or accident, the State, in order to show the accused's intent, may show other violent acts where the defendant was an aggressor.'" *Velasquez v. State*, No. 03-19-00499-CR, 2021 WL

2878278, at *3 (Tex. App.—Austin July 9, 2021, pet. ref'd) (mem. op., not designated for publication) (quoting *Lemmons v. State*, 75 S.W.3d 513, 523 (Tex. App.—San Antonio 2002, pet. ref'd)).

Even evidence that is admissible under rule 404(b) may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. TEX. R. EVID. 403; *Hernandez v. State*, 390 S.W.3d 310, 323 (Tex. Crim. App. 2012); *Mozon v. State*, 991 S.W.2d 841, 846–47 (Tex. Crim. App. 1999); *see also Harris v. State*, 572 S.W.3d 325, 334 (Tex. App.—Austin 2019, no pet.). "The probative force of evidence refers to how strongly it serves to make the existence of a fact of consequence more or less probable." *Gonzalez v. State*, 544 S.W.3d 363, 372 (Tex. Crim. App. 2018).

Relevant evidence is presumed to be more probative than prejudicial. *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). All evidence against a defendant is, by its nature, designed to be prejudicial. *See Pawlak v. State*, 420 S.W.3d 807, 811 (Tex. Crim. App. 2013). Rule 403 does not exclude all prejudicial evidence; it focuses on the danger of unfair prejudice. *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005). Evidence is unfairly prejudicial if it has the capacity to lure the factfinder into declaring guilt on a ground other than proof specific to the offense charged. *Manning v. State*, 114 S.W.3d 922, 928 (Tex. Crim. App. 2003). A trial judge has substantial discretion in balancing probative

value and unfair prejudice. *See Powell v. State*, 189 S.W.3d 285, 288 (Tex. Crim. App. 2006).

Probative value is the measure of how strongly the evidence serves to make more or less probable the existence of a fact of consequence to the litigation, coupled with the proponent's need for the evidence. *Gigliobianco v. State*, 210 S.W.3d 637, 641 (Tex. Crim. App. 2006). Unfair prejudice refers to a tendency to tempt the jury into finding guilt on an improper basis, such as an emotional one. *Id.* Confusion of the issues refers to "a tendency to confuse or distract the jury from the main issue in the case." *Id.* When undertaking a rule 403 analysis, a trial court balances:

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gonzalez v. State*, 544 S.W.3d 363, 372 (Tex. Crim. App. 2018) (quoting *Gigliobianco*, 210 S.W.3d at 641–42); *see also Baker v. State*, No. 05-19-01051-CR, 2021 WL 1826829, at *2 (Tex. App.—Dallas May 7, 2021, pet. ref'd) (mem op., not designated for publication). In practice, however, "these factors may well blend together." *Gigliobianco*, 210 S.W.3d at 642.

Appellant was indicted for aggravated assault with a deadly weapon (05-21-00259-CR) and possession of methamphetamine in an amount of more than one

–4–

gram but less than four (05-21-00258-CR). In the aggravated assault indictment, appellant was accused of intentionally, knowingly, and recklessly causing bodily injury to Jason Roshto by striking him with a sword, and that appellant used or exhibited a deadly weapon (a sword) during the assault.

A hearing was held out of the jury's presence to determine the admissibility of the prior assault between the appellant and the complainant. Appellant objected to the State's expressed intent to ask Roshto about the prior knife fight, which occurred on May 29, 2016. The State argued that evidence appellant had stabbed Roshto with a pocketknife in the left arm (the same arm injured in the instant offense) and that the injury required surgery was relevant to show Roshto's state of mind and the past relationship of the two men. It also argued that the evidence was important to rebut any claim of self-defense or accident. Although the trial court suggested it did not believe self-defense had been raised, it ruled the evidence was admissible to show the circumstances around the offense and the relationship between the two men. The trial court also made a finding under rule 403 that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. The court overruled appellant's objections under rules 404(b) and 403.

Appellant contends on appeal that the extraneous offense served only to show he was guilty of the charged offense because he acted in conformity with his character, which is prohibited under 404b. He argues there was no dispute at trial that he stabbed Roshto, so the extraneous evidence was unnecessary to prove that.

–5–

Also, he testified after the extraneous evidence was admitted that the sword was a reaction to the lunge by Roshto with a knife and that appellant feared for his life. Thus, the possible issues of intent and self-defense were raised *after* the extraneous evidence had been admitted.

However, the record shows appellant raised the issue of self-defense at voir dire, telling the panel as follows:

> Here's another concern I've got, in this case we're talking about a sword being used. I think a lot of people, when they hear that, might want to take a step back and say that's kind of weird. I believe there will be a question of self-defense that comes up in this case, in that case the sword would be the instrument of self-defense. Is anyone hearing a sword might be involved in this case says I don't believe you could use that in self-defense?

Furthermore, prior to the admissibility hearing, appellant raised Roshto's combative behavior with paramedics during cross-examination of a police officer, suggesting Roshto may have been the aggressor in the argument. Defensive theories presented during voir dire, opening statement, and during cross-examination can open the door to extraneous offense evidence. *Dabney v. State*, 492 S.W.3d 309, 318 (Tex. Crim. App. 2016); *Powell v. State*, 63 S.W.3d 435, 439 (Tex. Crim. App. 2001). Because the disputed evidence rebutted appellant's defensive theory, it had relevance other than character conformity, and the trial court did not, therefore, abuse its discretion in admitting the testimony about the prior knife fight.

Regarding rule 403, the evidence of a prior knife fight between the same two men that caused a severe injury to the same arm that was injured in the indicted

offense was rationally related to the elements of the indicted offense and the issue of self-defense. It showed the prior relationship between appellant and Roshto; showed appellant had been the aggressor and injured Roshto in the past; and explained why Roshto sought to end the altercation when he saw his wrists were bleeding. Furthermore, the trial court included a limiting instruction on the jury's use of the evidence of the May 2019 knife fight in the jury charge. This minimized the risk of the jury making an impermissible inference that the extraneous offense was evidence of appellant's conformity with that behavior or character. *See Hernandez v. State*, No. 01-16-00741-CR, 2018 WL 1473990, at *3 (Tex. App.—Houston [1st Dist.], no pet.) (mem. op., not designated for publication) (citing *Lane v. State*, 933 S.W.2d 504, 520 (Tex. Crim. App. 1996)). Furthermore, the time the State needed to develop this testimony was minimal because the State presented the evidence of the prior knife fight through its direct examination of Roshto. His entire direct examination testimony spans approximately forty-four pages, and the testimony regarding the May 2019 knife fight is approximately six pages. The brief mention of the prior knife fight did not distract the jury from consideration of the indicted offense.

The trial court could have reasonably concluded the probative value of the disputed evidence was not substantially outweighed by the danger of unfair prejudice or the other rule 403 considerations. The court did not, accordingly, abuse its discretion in admitting the evidence. We overrule appellant's issue.

The trial court's judgments are affirmed.

210258f.u05
210259f.u05
Do Not Publish
Tex. R. App. P. 47.2(b)

/Lana Myers//
LANA MYERS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROBERT JESSE MEYERS,
Appellant

No. 05-21-00258-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 380-82877-
2020.
Opinion delivered by Justice Myers.
Justices Pedersen, III and Garcia
participating.

Based on the Court's opinion of this date, the judgment of the trial court is

**AFFIRMED**.

Judgment entered this 23rd day of December, 2022.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

ROBERT JESSE MEYERS,
Appellant

No. 05-21-00259-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 380-82495-
2020.
Opinion delivered by Justice Myers.
Justices Pedersen, III and Garcia
participating.

Based on the Court's opinion of this date, the judgment of the trial court is

**AFFIRMED**.

Judgment entered this 23rd day of December, 2022.