**Affirmed and Memorandum Opinion filed February 16, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00597-CR

---

**ALFREDO LEE JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 1611787**

---

## MEMORANDUM OPINION

A jury convicted appellant Alfredo Lee Johnson of the first-degree felony of continuous sexual abuse of a young child. Tex. Penal Code Ann. § 21.02(b), (h).[1] The jury assessed punishment of imprisonment for life. *Id.* § 21.02(h). In three issues, appellant contends (1) the jury charge was erroneous, (2) the trial court

---

[1] The indictment alleges that the relevant time period is "on or about January 1, 2013 through on or about August 5, 2016." While the statute has been amended since that time, the amendments do not affect this case.

erred by admitting extraneous offense testimony from other accusers, and (3) the trial court erred by excluding records and testimony regarding a prior sexual assault against the complainant. We affirm.

## I. BACKGROUND

Appellant was charged by indictment with the offense of continuous sexual abuse of a young child. The complainant was his sixteen-year-old daughter.

Complainant testified that, when she was 10 years of age, her father started sexually abusing her. He came into her bedroom, which she shared with her younger brother, one morning to wake her for school and instead began touching her culminating in his digital penetration of her vagina. Complainant described the abuse as continuing over the next few years primarily when her father had the opportunity to find her alone. Complainant also testified to another specific instance when she was younger than fourteen years of age in which her father attempted to insert his penis inside her vagina. Although he was not successful, appellant's penis contacted complainant's vagina. Complainant told her mother of the first instance of abuse, but her mother did not believe her. Complainant felt that she was hurting her family and father, so she retracted the accusations made to her mother and explained that she was having nightmares stemming from a recent, unrelated sexual assault.[2]

Complainant had been sexually assaulted by the brother of her aunt's husband ("M") when she was 10 years old, just months before she alleged the abuse by her father began. Complainant experienced nightmares because of the sexual assault by M, for which her parents sent to her therapy. At trial, complainant

---

[2] Complainant also later told a teacher at school about the abuse, who referred the matter to Child Protective Services. Once complainant's mother was made aware of complainant's allegations and spoke to complainant, she again retracted her accusations and blamed the nightmares.

explained that when her mother did not believe her report of abuse by her father, she told her parents that she was having nightmares of M again. The therapist she saw, with her parents in attendance, believed complainant was transposing her father with M because her father was waking her up while she was having nightmares.

After she turned 14 years old, complainant's family moved to a new home in which complainant had her own room. At this point in time, complainant testified that her father started sexually abusing her regularly in the mornings and began penetrating her vagina with his penis.

When she was 16 years old, other young women who were social friends of complainant at their church came forward and made accusations of sexual abuse against appellant. Complainant and appellant were very involved in their church where appellant served as a deacon. When complainant was asked directly about her relationship with her father by another church member, she revealed that her father had repeatedly raped and assaulted her. The charges in this case followed.

## II.    ANALYSIS

### A. Charge error

In issue 1, appellant argues the jury charge was erroneous because it omitted a definition for the offense of indecency with a child by contact, which is one of the predicate offenses required to establish continuous sexual abuse of a young child and one of the predicate offenses identified in the indictment. *See* Tex. Penal Code Ann. § 21.02(c)(2). Appellant argues that omission of this definition was egregiously harmful because the jury had no guidance on what the State was required to prove to carry its burden of proof on the offense of indecency with a child by contact. Therefore, appellant argues there was not a unanimous jury

verdict on each element of the charged offense. The State concedes the omission of the definition was erroneous but argues there was no egregious harm.

### 1. Standard of review and applicable law

A claim of jury-charge error is reviewed in two steps. *See Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015). We first determine whether there is error in the charge. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If we find error, then we analyze that error for harm. *Id*. If a defendant does not properly preserve error by objection, any error in the charge "should be reviewed only for 'egregious harm' under *Almanza*." *Madden v. State*, 242 S.W.3d 504, 513 (Tex. Crim. App. 2007) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985)).

Code of Criminal Procedure article 36.14 provides that the trial court "shall . . . deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case[.]" Tex. Code Crim. Proc. Ann. art. 36.14. "The purpose of the jury charge is to inform the jury of the applicable law and guide them in its application to the case." *Beltran De La Torre v. State*, 583 S.W.3d 613, 617 (Tex. Crim. App. 2019) (quoting *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996)). A proper jury charge therefore consists of an abstract statement of the law and the application paragraph(s). *See Vasquez v. State*, 389 S.W.3d 361, 366–67 (Tex. Crim. App. 2012). The abstract paragraphs of a jury charge serve as a glossary to help the jury understand the meaning of concepts and terms used in the application paragraphs of the charge. *Crenshaw v. State*, 378 S.W.3d 460, 466 (Tex. Crim. App. 2012). Each statutory definition that affects the meaning of an element of the offense must be communicated to the jury. *Villarreal v. State*, 286 S.W.3d 321, 329 (Tex. Crim. App. 2009). The application paragraphs then apply the relevant law, the definitions found in the abstract portion of the charge, and general legal

principles to the particular facts of the case. *Vasquez*, 389 S.W.3d at 366.

## 2. Erroneous charge

The jury charge here asked the jury whether it found appellant was guilty beyond a reasonable doubt of the offense of continuous sexual abuse of a child. It further instructed the jury that "in order to find [appellant] guilty beyond a reasonable doubt of the offense of continuous sexual abuse of a child, you must agree unanimously that the [appellant], during a period that is 30 or more days in duration, committed two or more acts of sexual abuse."

The jury charge defines "act of sexual abuse" as "any act that is a violation of the penal law of aggravated sexual assault of a child or indecency with a child by contact." The jury charge then defines aggravated sexual assault of a child, but not indecency with a child by contact.

The definition of "indecency with a child by contact" in the Penal Code[3] is "law applicable to the case" and should have been included in the charge because the jury had to understand what "indecency with a child by contact" meant before

---

[3] The offense of indecency with a child is defined in the Penal Code as follows:

(a) A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex and regardless of whether the person knows the age of the child at the time of the offense, the person:

> (1) engages in sexual contact with the child or causes the child to engage in sexual contact; or

. . . .

(c) In this section, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:

> (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or

> (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

Tex. Penal Code Ann. § 21.11 (a), (c).

it could determine whether appellant had committed that offense. We conclude the jury charge in this case was erroneous because it did not properly instruct the jury regarding all the law applicable to the case. *See* Tex. Code Crim. Proc. Ann. art. 36.14.

### 3. Harm Analysis

An appellate court must apply the egregious harm standard to review an erroneous jury charge when appellant's trial counsel did not to object to the relevant portion of the charge, as in this case. *See Almanza*, 686 S.W.2d at 171. Under this standard, appellant "will obtain a reversal only if the error is so egregious and created such harm that he has not had a fair and impartial trial[.]" *Id.* (internal quotations omitted).

Egregious harm must be based on a finding of actual, rather than theoretical, harm. *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011). For actual harm to be established, the charge error must have affected the very basis of the case, deprived the defendant of a valuable right, or vitally affected a defensive theory. *Id.* (internal quotations omitted). Under the egregious-harm standard, we consider four factors: (1) the charge as a whole; (2) the state of the evidence, including contested issues and the weight of the probative evidence; (3) the parties' arguments; and (4) all other relevant information in the record. *See id.*

<u>The charge as a whole</u>

We begin with the first *Almanza* factor—the charge itself. The charge, as we have described above, omits the definition of indecency with a child by contact. The fact the charge omitted a definition of one of the two types of sexual abuse alleged to have been committed by appellant weighs in favor of a conclusion there was egregious harm.

The state of the evidence

The application paragraph of the charge explains to the jury under what conditions they could convict appellant of continuous sexual abuse of a young child:

> Now, if you find from the evidence beyond a reasonable doubt that in Harris County, Texas, [appellant] heretofore on or about the 1st day of January, 2013 continuing through the 5th day of August, 2016, did then and there unlawfully, during a period of time of thirty or more days in duration, **commit at least two acts of sexual abuse against a child younger than fourteen years of age** including an act constituting the offense of indecency with a child by contact, committed against [complainant] on or about January 1, 2013, and an act constituting the offense of aggravated sexual assault of a child, committed against [complainant] on or about August 5, 2016, and the defendant was at least seventeen years of age at the time of the commission of each of those acts, then you will find the defendant guilty of continuous sexual abuse of a child, as charged in the indictment.

(emphasis added). The State argues that even if the charge was erroneous there was no harm to appellant. Arguing appellant's conduct during the relevant time period constituted aggravated sexual assault (as well as indecency with a child) and aggravated sexual assault was defined in the statute, the State maintains that appellant suffered no egregious harm. We agree.

The jury charge provided the following definition of aggravated sexual assault of a child:

> Our law provides that a person commits the offense of aggravated sexual assault of a child if the person intentionally or knowingly:
>
> > (1) causes the penetration of the anus or sexual organ of a child by any means;
> >
> > (2) causes the penetration of the mouth of a child by the sexual organ of the defendant;

7

(3) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the defendant;

(4) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the defendant; or

(5) causes the mouth of a child to contact the anus or sexual organ of another person, including the defendant; and

if the victim is younger than fourteen years of age.[4]

The complainant's testimony at trial established that appellant first sexually assaulted her when she was ten years of age. She testified that he entered her room, which she shared with her brother at the time, began touching and rubbing her thighs and stomach. He partially undressed the complainant and ultimately penetrated her vagina with his fingers. Appellant's digital penetration of complainant's sexual organ constitutes aggravated sexual assault of a child. Tex. Penal Code Ann. § 22.021(a)(1)(B)(i) (penetration of sexual organ of child by any means). Complainant testified that a week and half later appellant again penetrated her sexual organ with his fingers, but without removing any of her clothing.

Complainant testified that when the family moved to a new apartment where she had her own room that appellant would enter her room almost every day for a two-to-three-year period and touch her sexually, though it was unclear from her testimony whether the daily touching involved rubbing or penetration of her sexual organ.[5] She also testified to another specific instance, prior to her fourteenth

---

[4] The definition in the jury charge is nearly identical to Penal Code section 22.021(a)(1)(B), defining the offense of aggravated sexual assault of a child. Tex. Penal Code Ann. § 22.021(a)(1)(B).

[5] Complainant testified that after she turned fourteen years of age, and as she began high school, appellant's sexual assaults escalated into nearly daily sexual abuse consisting of appellant penetrating her vagina with his penis. However, appellant was charged with continuous sexual abuse of a child younger than fourteen years of age. Therefore, the relevant conduct must have occurred before complainant's fourteenth birthday. The jury was repeatedly instructed about this relevant time period and was aware that appellant's conduct after complainant turned

birthday, in which appellant attempted to insert his penis into her vagina. Although ultimately unsuccessful, appellant's penis did contact complainant's vagina. This contact also constitutes aggravated sexual assault. Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii) (causes sexual organ of child to contact sexual organ of another person). Therefore, the evidence at trial supports the jury's finding that appellant committed at least two acts of sexual abuse—two or more instances of aggravated sexual assault—during a period of time thirty days or more in duration.

Appellant's defensive strategy was denial of any acts of sexual abuse against complainant. He argued that complainant had been sexually abused by M previously and had associated her lingering nightmares from her prior experience with M to appellant. In finding appellant guilty beyond a reasonable doubt, the jury could not have believed appellant's defense, and instead believed complainant's testimony. Because the evidence adduced at trial supported the finding of the jury that appellant committed at least two acts of aggravated sexual abuse against complainant, the omission of the definition for "indecency with a child by contact" weighs against a conclusion there was egregious harm.

The parties' arguments

In closing arguments, the State specifically argued and described at least two instances of conduct alleged to be aggravated sexual assault of a child. The attorney for the State separately described the conduct it alleged to be "indecency with a child" as "[t]he indecency with a child would be any of those offenses, but anytime his fingers just touched the top of her vagina and did not get inserted into

fourteen could only be considered as evidence of an extraneous offense. Tex. Code Crim. Proc. Ann. art. 38.37(b)(2) ("evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters including . . . the previous and subsequent relationship between the defendant and the child").

her vagina." The State also further argued that both offenses happened numerous times and more than 30 days apart.

The jury therefore received testimony of multiple instances of aggravated sexual assault offered by the complainant, as well as testimony of multiple instances of indecency with a child. Even though the jury was never provided with a definition of the offense of indecency with a child by contact, they heard argument that the multiple instances of aggravated assault would support a conviction of continuous sexual abuse of a young child. The parties' arguments do not support a determination of egregious harm.

Other relevant information in the record

Our review of the record does not reveal other information, such as jury notes indicating the jury was confused about the charge, showing egregious harm.

Having weighed the relevant factors, we conclude the record does not show that egregious harm resulted from any charge error in this case. Accordingly, we overrule issue 1.

## B. Extraneous offense testimony

In issue 2, appellant argues that although the law allows the State to offer extraneous conduct evidence that it was error to admit such evidence because the evidence was substantially more prejudicial than probative. *See* Tex. Code Crim. Proc. Ann. art. 38.37; Tex. R. Evid. 403.

### 1. Standard of review and applicable law

We review a trial court's ruling on the admissibility of evidence of extraneous offenses for an abuse of discretion. *See Pawlak v. State*, 420 S.W.3d 807, 810 (Tex. Crim. App. 2013) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g)). We will affirm a trial court's

evidentiary ruling that is within the zone of reasonable disagreement and correct under any theory of law. *See Pawlak*, 420 S.W.3d at 810.

Generally, "an accused may not be tried for some collateral crime or for being a criminal generally." *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991) (quoting *Williams v. State*, 662 S.W.2d 344, 346 (Tex. Crim. App. 1983)). To that end, evidence of prior crimes, wrongs, or other acts that is otherwise relevant is typically inadmissible to show that the defendant "acted in accordance with the character" or had a propensity to commit the crime. Tex. R. Evid. 404(b) (character evidence generally inadmissible); *see also* Tex. R. Evid. 401, 402. However, at a trial for continuous sexual abuse of a young child, such as this one, the Code of Criminal Procedure does allow the admission of certain extraneous offenses. *See* Tex. Code Crim. Proc. Ann. art. 38.37.

Article 38.37 describes the circumstances in which certain extraneous-act evidence can be admitted:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

Tex. Code Crim. Proc. Ann. art. 38.37, § 2(b). Subsection (a)(1) lists eight specific offenses, including Penal Code sections 21.02 (continuous sexual abuse of a young child), 21.11 (indecency with a child), and 22.021(a)(1)(B) and (2) (aggravated sexual assault of a child). *Id*. § 2(a)(1), (2). Before evidence of such offenses is admitted, the court must first "(1) determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt; and (2) conduct a

hearing out of the presence of the jury for that purpose." *Id.* § 2-a. The State must also provide notice to the defendant of its intent to introduce evidence under article 38.37. *Id.* § 3. The parties do not dispute that these statutory procedures were followed.

Extraneous-offense evidence is not exempt from the scope of Texas Rule of Evidence 403. Rule 403 states that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." Tex. R. Evid. 403. The court of criminal appeals has articulated a four-factor balancing test to determine whether unfair prejudice substantially outweighs the probative value of an extraneous offense under Rule 403:

> (1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable—a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense;
>
> (2) the potential the other offense evidence has to impress the jury "in some irrational but nevertheless indelible way;"
>
> (3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and
>
> (4) the force of the proponent's need for this evidence to prove a fact of consequence, *i.e.*, does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute.

*De La Paz v. State*, 279 S.W.3d 336, 348–49 (Tex. Crim. App. 2009) (citing *Wyatt v. State*, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000)). The court also cautioned that Rule 403 "should be used sparingly to exclude relevant, otherwise admissible evidence that might bear upon the credibility of either the defendant or

complainant in such 'he said, she said' cases." *Hammer v. State*, 296 S.W.3d 555, 562 (Tex. Crim. App. 2009). "[T]exas law, as well as the federal constitution, requires great latitude when the evidence deals with a witness's specific bias, motive, or interest to testify in a particular fashion." *Id.*

Although the court of criminal appeals has held that "sexually related bad acts and misconduct involving children are inherently inflammatory," "the plain language of Rule 403 does not allow a trial court to exclude otherwise relevant evidence when that evidence is merely prejudicial." *Pawlak*, 420 S.W.3d at 811 (citing Tex. R. Evid. 403). "Indeed, all evidence against a defendant is, by its very nature, designed to be prejudicial." *Pawlak*, 420 S.W.3d at 811. Rather, Rule 403 only authorizes a court to "exclude relevant evidence if its probative value is *substantially outweighed* by a danger of . . . unfair prejudice[.]" Tex. R. Evid. 403 (emphasis added); *see Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002) (trial court abuses its discretion in admitting otherwise relevant and admissible testimony "*only* if the danger of unfair prejudice substantially outweigh[s] the probative value of [the] testimony").

### 2. Trial court did not abuse its discretion

Appellant argues generally that admitting the extraneous-offense testimony subjected him to trial as a "criminal" because the jury focused on allegations outside of those he was charged with in the indictment. The State responds that appellant has offered no analysis for his allegations that admission of the extraneous-offense evidence was error and maintains it was properly admitted.

The opinion of the court of criminal appeals in *Wheeler v. State* is instructive. 67 S.W.3d at 886–89. Wheeler was indicted for aggravated sexual assault of a child who was his daughter's friend. *Id.* at 880. He presented various defensive theories at trial, including that the complainant had "made up" the

13

allegations against him for profit, and that he lacked opportunity because he was never alone with the complainant or, alternatively, it was impossible to commit the offense "in a room full of people." *Id*. at 887. At trial, the State called Wheeler's niece to testify about an incident nine years earlier, when she was six years old, during which Wheeler inappropriately touched her in a "very similar" manner as he had touched the complainant: underneath her clothes while family members were nearby. *Id*. at 886–87.

The court determined that the niece's testimony was relevant to rebut Wheeler's defensive theories, including by showing that the complainant was not motivated by greed in her allegations that Wheeler had sexually assaulted her. *Id*. at 887. "Extraneous sex offenses were and are still admissible if they fall into one of the proper 'exceptions' to the 'general rule' barring their admission." *Id*. at 887 (citation omitted). The court further "recognized that in prosecutions for sexual offenses, a successful conviction 'often depend[s] primarily on whether the jury believe[s] the complainant, turning the trial into a swearing match between the complainant and defendant.'" *Id*. at 888 (citation omitted). The niece's testimony described an incident "quite similar to the charged event," and it "provided, at a minimum, the 'small nudge' towards contradicting [Wheeler's] defensive theories and towards proving that the molestation did indeed occur." *Id*. (quoting *Montgomery*, 810 S.W.2d at 381). The court held that the trial court did not abuse its discretion in admitting the niece's testimony under Rule 403. *Id*. at 889.

Here, the testimony from complainant and the three young women who alleged they were abused by appellant is relevant to rebut appellant's defensive theory that complainant invented or imagined her allegations against appellant. *See Wheeler*, 67 S.W.3d at 887; *see also De La Paz*, 279 S.W.3d at 348–49 (stating first factor of Rule 403 balancing test). It is also evidence of appellant's character

and propensity to act in conformity with his character, namely that he has a propensity to sexually abuse young women of the same age and in the same manner. *See* Tex. Code Crim. Proc. Ann. art. 38.37, § 2(b). The testimony thus provided a "small nudge" towards contradicting appellant's defensive theories and in supporting complainant's testimony that the abuse did occur. *See Wheeler*, 67 S.W.3d at 888. The testimony from complainant and the other three accusers did not take an inordinate amount of time at trial or distract the jury. While the testimony from complainant and the other three accusers was inflammatory, it was relevant to allegations against appellant and the State needed the evidence to rebut appellant's defensive theory and demonstrate complainant's credibility.

We conclude that the trial court did not abuse its discretion in admitting the extraneous-offense testimony from complainant and the other three accusers. *See* Tex. R. Evid. 403; *see also Hammer*, 296 S.W.3d at 562; *Wheeler*, 67 S.W.3d at 889.

We overrule issue 2.

## C. Exclusion of evidence and testimony regarding a prior sexual assault of complainant

In issue 3, appellant maintains that evidence regarding a prior sexual assault of complainant was improperly excluded under Texas Rule of Evidence 412 despite having considerable probative value. As a result, appellant argues that his constitutional rights were violated.

### 1. Standard of review and applicable law

As discussed above, we review a trial judge's decision on the admissibility of evidence under an abuse of discretion standard. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

Texas Rule of Evidence 412 generally provides that evidence of a victim's past sexual behavior is inadmissible in a prosecution for sexual assault or aggravated sexual assault. Tex. R. Evid. 412(a). However, the rule allows the admission of such evidence in certain circumstances including if the evidence relates to the victim's motive or bias or is constitutionally required to be admitted. Tex. R. Evid. 412(b)(2)(C). The probative value of the evidence of previous sexual conduct must outweigh the danger of unfair prejudice. Tex. R. Evid. 412(b)(3).

## 2. No reversible error discernible in the record

During pretrial motions, the State sought to exclude evidence appellant intended to introduce of complainant's prior sexual assault, the resulting therapy and medical records related to that incident. Much of appellant's argument focuses on the initial exclusion by the trial court of the prior sexual assault during pretrial hearings.[6] However, the trial court advised appellant at the time that it would revisit the ruling after examination of the complainant. Appellant concedes that limited testimony about the prior sexual assault was admitted but argues it was error that complainant's medical records were redacted to exclude important evidence. In appellant's view, this exclusion was reversible error.

As the case developed at trial, complainant testified about her prior sexual

---

[6] The State filed a motion in limine to exclude any evidence of prior sexual behavior which the trial court heard as part of the pretrial proceedings. A motion in limine is a preliminary matter and normally preserves nothing for appellate review. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008). For error to be preserved with regard to the subject of a motion in limine, an objection must be made at the time the subject is raised during trial. *Id.*; *see also Allen v. State*, 473 S.W.3d 426, 442 (Tex. App.—Houston [14th Dist.] 2015), *pet. dism'd, improvidently granted*, 517 S.W.3d 111 (Tex. Crim. App. 2017). "[A] ruling on a State's motion in limine that excludes defense evidence is subject to reconsideration throughout trial and that to preserve error an offer of the evidence must be made at trial." *Allen*, 473 S.W.3d at 442 (citing *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998)). The trial court stated on several occasions that its ruling on the medical records and the testimony regarding the prior sexual assault might change if the evidence proffered by the defense became relevant as testimony progressed.

assault. Complainant testified she was sexually assaulted by M while she was staying with her aunt. She testified that it was a one-time occurrence and was unrelated to her allegations against her father. After the sexual assault, complainant experienced nightmares in which M would chase her and try to hurt her. Complainant testified that she took medication to help her with the nightmares and that after some time she stopped having nightmares about M. She testified that appellant was aware of the nightmares and ascribed her allegations of sexual assault against appellant to her nightmares. She also testified that she was able to differentiate from a nightmare and reality.

Appellant was able to cross-examine complainant about M's sexual assault of complainant, complainant's therapy and the resulting diagnosis to establish his defensive theory that complainant had been experiencing vicarious traumatization (i.e., having nightmares about the prior sexual assault and then attributing the prior attack to her father as he woke her up in the morning). Appellant's briefing to this court focuses on the limited nature of appellant's cross-examination and the exclusion of certain medical records. However, appellant made no offer of proof as to the evidence that was not admitted at trial.

A party complaining of the trial court's exclusion of evidence must comply with Rule 103(a)(2) and make an "offer of proof," unless the substance of the evidence was apparent from the context within which questions were asked. Tex. R. Evid. 103(a)(2); *Allen v. State*, 473 S.W.3d 426, 442 (Tex. App.—Houston [14th Dist.] 2015), *pet. dism'd, improvidently granted*, 517 S.W.3d 111 (Tex. Crim. App. 2017). The offer of proof may consist of a concise statement by counsel, or it may be in question-and-answer form. If the offer of proof is made in the form of a statement, the proffer must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the

17

relevance is apparent, so that the court can determine whether the evidence is relevant and admissible. *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009).

During complainant's testimony, appellant was able to revisit the trial court's limine ruling as to complainant's prior sexual assault:

> **[Defense Counsel]**: In the event I'm not allowed to, it limits my cross-examination and affects my ability to be effective, and it's material to this case. It's literally my defensive theory that she was raped by somebody else, abused by somebody else, she was traumatized, has nightmares, experiences vicarious traumatization, and [appellant] ends up here. That's literally my theory of my case. The State has elicited that from [complainant]. That's literally my theory. She said it on direct. That is part one of — part one of what I need to address with the Court. Denying my ability to cross-examine that would limit my right to confront — to confront [complainant]. Part two —
>
> **The Court**: Okay.
>
> **[Defense Counsel]**: Separate from saying that she was sexually abused by another man literally around the same time and then has nightmares and victim vicarious traumatization separate and apart from that, medically — let's assume that I don't have to say anything about [M]. Medically, it's all over the therapy records, and it's all over the therapy records and medical records. About she gets off her meds, she has these nightmares, and she puts the face of what happened to her with [M] onto [appellant]. So re— not even considering 412 or none of that, and [M] and all of that, when she gets off her meds, she hallucinates. I have to inquire about that.
>
> **The Court**: I have already said that you can.
>
> . . .
>
> **[Defense Counsel]**: So, here ends my request to amend your prior rulings and allow me to inquire in a limited way, fine, I will. I have — I will concede, but about I don't know what limitations are there, but it has to be more than what was previously allowed.
>
> **The Court**: All right. So Defense, you can clarify on your cross-

18

examination, for example, by stating, you mentioned that you were sexually abused at your aunt's home, that you're not saying that that was your father, correct?

**[Defense Counsel]**: Someone different, okay.

**The Court**: Okay. And then with regards to the CPS records, you can say you mentioned something about a CPS case. That had nothing to do with the defendant, your father, correct? Not correct? So, you know, you can inquire in those two ways very simply to clarify that so it's not confusing for the jury whatsoever. And then the limitations that I previously stated address all of the issues that you just brought up right now. I stated that you could inquire into any depression that she had, and the — subject to the limitations, and also discuss that she had nightmares. And subject to the limitations with, you know, those nightmares, and what they consisted of and whatnot the Court's already stated that you can address that and subject to the limitations and not discussing [M]?

**[Defense Counsel]**: The only other — well, the idea that she is on her meds and she gets off the meds and have nightmares, you limited my cross –

**The Court**: Well if you want to say — ask her if she takes medications and that she sometimes gets off the medications, that's fine. But that is it. And that is the limit of that. Period.

After this exchange, appellant did not object to the limitations or reassert any further objections. The State further examined complainant on re-direct specifically about the prior sexual assault by M following which appellant was further able to cross-examine complainant about the sexual assault. To the extent that the statements made by defense counsel in the exchange above constitute an offer of proof, all the evidence described to the court as necessary to appellant's defense was later addressed by complainant in her testimony. If after complainant's testimony concluded there was still evidence appellant believed was improperly excluded, appellant did not make an offer of proof so that this court could evaluate the probative nature of the excluded evidence. Tex. R. Evid. 103(a); Tex. R. App. P. 33.1. Therefore, we conclude appellant did not preserve error as to

the exclusion or limitation of complainant's testimony on her prior sexual assault.

Appellant also argues that he was precluded from offering medical records of complainant's therapy visits. However, the medical records of complainant's therapy visits and related treatment were not admitted into evidence and appellant made no offer of proof to the trial court. *See* Tex. R. Evid. 103(a). Further, appellant does not explain in his appellate briefing what information was excluded by the trial court (to the extent it exceeded the scope of complainant's testimony at trial). *See* Tex. R. App. P. 38.1(i). Therefore, we conclude there was no error preserved as to the trial court's exclusion of complainant's medical records from her therapy visits.

We overrule issue 3.

### III.  CONCLUSION

We affirm the judgment of the trial court as challenged on appeal.


/s/     Charles A. Spain
        Justice

Panel consists of Justices Zimmerer, Spain, and Hassan.

Do not Publish—Tex. R. App. P. 47.2(b).